610 A.2d 74

**Kathryn POTTS, Petitioner,**

v.

**Secretary Arthur A. DAVIS, Pennsylvania Department of Environmental Resources and Executive Director Peter S. Duncan, Pennsylvania Game Commission, Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1990.

Decided July 27, 1990.

Publication Ordered June 25, 1992.

ORIGINAL JURISDICTION

Anthony Potts, Jr., for petitioner.

Sandra W. Stoner and John G. Knorr, III, for respondents.

DOYLE, Judge.

Kathryn Potts invoked our original jurisdiction pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), and sought equitable relief to prevent the "King's deer" from a state park from damaging her adjacent property or, alternatively, monetary damages therefrom. Respondents Arthur A. Davis, Secretary of the Pennsylvania Department of Environmental Resources (DER), and Peter S. Duncan, Executive Director of the Pennsylvania Game Commission, by their attorneys filed preliminary objections in the nature of a demurrer alleging, *inter alia*, failure to state a cause of action, and that Potts' claim was barred by sovereign immunity. Oral argument was heard on Respondents' preliminary objections and Potts' answers thereto on June 5, 1990, following which we entered an order sustaining Respondents' objections and dismissing the matter because Potts had failed to state a claim upon which relief may be granted, and because her claim was barred by sovereign immunity. Potts has appealed this order to our Supreme Court necessitating that we file this opinion.

Potts alleged in her petition to this Court that she is a Pennsylvania citizen who owns property near Ridley Creek State Park in Delaware County. She further alleged that subsequent to the first authorized deer hunt in the park in 1983, "the deer have been increasingly leaving the confines of the park and eating plants on private property including [hers]," and that in 1989 she was unable to grow any vegeta-

bles or flowers due to the eating habits of the deer. In order to prevent further deer incursions onto her property, Potts sought equitable relief to compel the Commonwealth to build either a deer fence around the park (Ridley Creek), a deer fence around her property, or damages by way of compensation for past and future injuries.

Respondents filed four preliminary objections,[1] only two of which we need discuss here. We first address Respondents' objection that Potts' petition be dismissed because it fails to state a claim upon which relief may be granted. The gravamen of Potts' argument was that the deer are the "King's" deer, and that the Respondents are thus responsible for the conduct of those deer which leave the confines of the park. As such, she claimed that Respondents, through their agents, the deer, unlawfully "seized her possessions, the plants."

The fatal flaw in this argument is that Respondents do not own the wild deer (nor the wild rabbits, raccoons, etc.), nor do they control their conduct. As succinctly stated by the United States Supreme Court in *Douglas v. Seacoast Products, Inc.,* 431 U.S. 265, 97 S.Ct. 1740, 52 L.Ed.2d 304 (1977):

> A State does not stand in the same position as the owner of a private game preserve and it is pure fantasy to talk of 'owning' wild fish, birds, or animals. Neither the States nor the Federal Government, anymore than a hopeful fisherman or hunter, has title to these creatures until they are reduced to possession by skillful capture.

*Id.* at 284, 97 S.Ct. at 1751. Further, as Potts admitted at oral argument, the deer are not the personal property of Respondents. Therefore, because Respondents neither own the wild deer in question nor control their conduct, the deer are not

1. In addition to the two objections referred to *supra,* Respondents also alleged that this Court lacked jurisdiction over this matter because Potts had failed to allege a case or controversy between herself and Respondents, and that we lacked original jurisdiction in equity because Potts had an adequate remedy at law in eminent domain.

Respondents' agents. Thus, Respondents did not unlawfully "seize" Potts' plants.[2]

 Respondents also preliminarily objected to Potts' petition on the ground that her claim for injuries caused by wild animals is barred by sovereign immunity.[3] Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, provides that sovereign immunity is waived as a bar to actions against "Commonwealth parties" in nine specific instances. The term "Commonwealth party" is defined in Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501, as "[a] Commonwealth agency and any employee thereof." Section 8501 also defines "employee" as "any person who is acting or has acted on behalf of a government unit." Accordingly, it is clear that for purposes of sovereign immunity Respondents are "Commonwealth parties" entitled to such immunity under Section 8522.[4]

2. We are cognizant that Section 103(a) of the Game and Wildlife Code, 34 Pa.C.S. § 103, provides that "[t]he ownership, jurisdiction over and control of game or wildlife is vested in the [Game] commission as an independent agency of the Commonwealth in its sovereign capacity to be controlled, regulated and disposed of in accordance with this title." However, as the Supreme Court noted in *Douglas,* this type of " 'ownership' language ... must be understood as no more than a 19th-century legal fiction expressing 'the importance to its people that a State have power to preserve and regulate the exploitation of an important resource.' " 431 U.S. at 284, 97 S.Ct. at 1752 (quoting *Toomer v. Witsell,* 334 U.S. 385, 402, 68 S.Ct. 1156, 1165, 92 L.Ed. 1460 (1948)). As such we do not believe that Section 103(a) affects our decision in this case.

3. We note as a threshold matter that preliminary objections are a proper vehicle for raising the defense of sovereign immunity where, as here, the defense is apparent on the face of the pleading under attack. *Poliskiewicz v. East Stroudsburg University,* 113 Pa. Commonwealth Ct. 13, 536 A.2d 472 (1988).

4. In her answer to Respondents' preliminary objections, Potts contends she named Respondents in their capacity as officers of their respective agencies rather than private individuals and that we should thus consider the agencies themselves as parties to this action. She then argues by extension that the Game Commission is not entitled to raise the sovereign immunity defense because it is an independent agency, and relies on *Specter v. Commonwealth,* 462 Pa. 474, 341 A.2d 481 (1975), as support. However, we concluded in *Pennsylvania Turnpike Commission v. Jellig,* 128 Pa. Commonwealth Ct. 171, 563 A.2d 202 (1989), that the Turnpike Commission as an independent agency was a "Commonwealth party" for purposes of Section 8522, and that *Specter* was effectively reversed by action of the General Assembly. As such, the Game Commission is equally entitled to raise a sovereign immunity

Having so decided, we must now determine whether Potts' cause of action, if valid, would fall within one of the nine limited waivers of sovereign immunity set forth in Section 8522. Potts' claim is for damages due to injuries to her property caused by wild deer eating her plants. It is readily apparent from a review of Section 8522 that this claim does not fall within any of the nine exceptions in that Section. Indeed, the General Assembly has in Section 8522(b)(6) *specifically* excluded "Commonwealth parties" from claims arising from injuries by wild animals as follows:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(6) Care, custody or control of animals.—The care, custody or control of animals in the possession or control of a Commonwealth party, including but not limited to police dogs and horses and animals incarcerated in Commonwealth agency laboratories. *Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer,* except as otherwise provided by statute. (Emphasis added.)

We affirmed this concept in a recent application of this section in *Bradley v. Pennsylvania Turnpike Commission,* 121 Pa.Commonwealth Ct. 51, 550 A.2d 261 (1988), wherein we held that Commonwealth agencies are specifically exempt from claims arising from injuries caused by wild animals. Accordingly, Potts' claim is barred by sovereign immunity.[5]

For these reasons, we entered our order of June 6, 1990, which sustained Respondents' preliminary objections and dismissed Potts' claim.

defense in this case, with the same result arrived at *infra.* DER is clearly entitled to raise such a defense.

5. Because of our disposition of this matter, we do not address Respondents' other two preliminary objections. See *supra* note 1.

## ORDER

AND NOW this 6th day of June 1990, upon consideration of Respondents' preliminary objections in the above-captioned matter and Petitioner's answers thereto, and following oral argument thereon, the preliminary objections of Respondents are granted and this matter is dismissed as Petitioner has failed to state a claim upon which relief may be granted and Petitioner's claims are barred by sovereign immunity. Opinion to follow if an appeal is taken from this order. Further, Respondents' motion to preclude Petitioner from oral argument was denied at oral argument on June 5, 1990, but Petitioner is precluded from filing a brief.