Philadelphia District Attorney's
Office

     v.

Craig Williams,        No. 1337 C.D. 2017
      Appellant    Submitted: October 12, 2018


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY          FILED: February 8, 2019


    Craig Williams (Williams), pro se, appeals from the Philadelphia County Common Pleas Court's (trial court) April 20, 2017 order. Therein, the trial court overturned[1] the Pennsylvania Office of Open Records' (OOR) Final Determination and remanded Williams' underlying appeal to the trial court's designated judicial appeals officer. The trial court further ordered that the Philadelphia District Attorney's Office (DA) need not provide a copy of the venire list to Williams.[2] Williams presents three issues for this Court's review: (1) whether Williams' appeal from the trial court's order was timely; (2) whether the trial court lacked jurisdiction

---

[1] Although the trial court uses the word overturning, it is clear from the remand order that the trial court vacated the Pennsylvania Office of Open Records' Final Determination.

[2] A "venire" is defined in Black's Law Dictionary (9th ed. 2004) as "[a] panel of persons selected for jury duty and from among whom the jurors are to be chosen." *Id.* at 1694. Pennsylvania Rule of Criminal Procedure 625(A)(1) specifies that "officials designated by law" select candidates for jury service. Pa.R.Crim.P. 625(A)(1). Pursuant to Section 4521 of the Judicial Code, 42 Pa.C.S. § 4521, venire lists are prepared by the jury selection commissions in each county. However, "[i]n the first judicial district, the jury selection board shall constitute the jury selection commission." Section 2122(d) of the Judicial Code, 42 Pa.C.S. § 2122(d). The trial court herein is located in the first judicial district.

since the DA did not render a final decision concerning all the items in Williams' Right-to-Know Law (RTKL)[3] request (Request); and (3) whether the DA must disseminate judicial documents. Upon review, the appeal is quashed.

Williams is an inmate at the State Correctional Institution at Albion (SCI-Albion). On August 16, 2016, Williams submitted his Request to the DA's RTKL Office seeking his guilty plea, witness statements, voir dire notes, weapon item receipt number, and the venire list from his criminal trial. *See* Original Record (O.R.) Item 11 (DA Trial Court Brief) Ex. A. By August 23, 2016 letter, the DA's open records officer B.J. Graham-Rubin (Graham-Rubin) responded that the guilty plea, witness statements, voir dire notes, and weapon item receipt number are criminal investigative records not subject to disclosure. *See* O.R. Item 11 Ex. B at 1. Graham-Rubin further declared: "[T]he venire list you requested is created by employees of the Pennsylvania judiciary. Accordingly[,] it is a non-financial record that is not subject to the RTKL. *See* [Section 304 of the RTKL,] 65 [P.S.] § [67.]304; *Court of Common Pleas of Lackawanna C*[*ty.*] *v. OOR*, 2 A.3d 810 (Pa. [Cmwlth.] 2010)." O.R. Item 11 Ex. B at 1. Graham-Rubin's response instructed, consistent with the Philadelphia County's open records procedures:

> This letter constitutes the response of [the DA's Open Records] Office to your RTKL request. Any appeal of the [DA's Open Records] Office's exercise of the Section 708(b)(16) [of the RTKL (relating to criminal investigative records)] exemption must be filed with the First Assistant [DA] of the [DA's] Office, Appeals Officer, Three South Penn Square, Philadelphia, PA 19107, no later than 15 days from the date of this letter. Any appeal from this decision on other grounds must be filed with the [OOR], Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, PA 17120-0225, no later than 15 days from the date of this letter.

---

[3] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

O.R. Item 11 Ex. B at 2. On September 7, 2016, Williams timely appealed from the DA's entire denial to the OOR. *See* O.R. Item 17 (OOR Certified Record) Attachment 1.

By September 8, 2016 letter, the OOR requested the parties' position statements and allowed them to supplement the record. On September 23, 2016, the DA submitted a position statement supported by Graham-Rubin's affidavit, wherein Graham-Rubin attested that the venire list "relate[s] to a criminal investigation[,]" and, since it "contains the names of jurors who voted to convict [Williams,]" "providing it to [him] would endanger the safety of those jurors." O.R. Item 11 Ex. D (Graham-Rubin Affidavit) at 1. The DA also argued that the OOR lacked jurisdiction over the venire list because it was a judicial agency record.[4]

On October 6, 2016, the OOR issued its Final Determination remanding the portion of Williams' Request seeking his guilty plea, witness statements, voir dire notes, and weapon item receipt number to the DA's designated appeals officer, where Williams should have initially appealed.[5] Relative to the venire list, the OOR granted

---

[4] Section 102 of the RTKL defines "judicial agency" as "[a] court of the Commonwealth or any other entity or office of the unified judicial system." 65 P.S. § 67.102. Because "judicial power is not vested in the DA's office[,]" it is not a judicial agency under the RTKL. *Miller v. Cty. of Ctr.*, 135 A.3d 233, 238 (Pa. Cmwlth. 2016), *aff'd*, 173 A.3d 1162 (Pa. 2017); *see also Phila. Dist. Attorney's Office v. Stover*, 176 A.3d 1024, 1027 (Pa. Cmwlth. 2017) ("[A DA's] office is not a judicial agency[.]"). "Rather, the DA['s] [o]ffice is a local agency." *Pennsylvanians for Union Reform v. Ctr. Cty. Dist. Attorney's Office*, 139 A.3d 354, 356 (Pa. Cmwlth. 2016); *see also Schneller v. Phila. Dist. Attorney* (Pa. Cmwlth. No. 1313 C.D. 2016, filed Aug. 3, 2017) (The Philadelphia County District Attorney's office is a local agency). *Schneller* is cited only for its persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[5] "[T]he OOR, like all other tribunals and courts, is *per se* vested with jurisdiction to initially determine whether it has jurisdiction. *Cf. In re Estate of Stricker*, . . . 977 A.2d 1115, 1117 n.1 ([Pa.] 2009) ('A court always has jurisdiction to decide questions of its own jurisdiction.')." *Stover*, 176 A.3d at 1027. Moreover, although the onus for appealing from an RTKL denial to the proper appeals officer is on the requester, the OOR did not violate the law or any procedure in redirecting the appeal in this case. *See Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015) (wherein this Court ruled that the OOR did not violate the requester's due process rights by not transferring the appeal to the proper place); *see also Nixon v. Phila. Cty. Clerk of Courts* (Pa.

3

Williams' Request and ordered the DA to produce it to Williams within 30 days.[6] *See* O.R. Item 11 Ex. C (OOR Final Determination) at 6.  The OOR therein reasoned that

> [a]lthough the venire list is created by the Pennsylvania judiciary and contains the names of individuals summoned for jury duty, the [DA] fails to provide any evidence of how [it] is a record that documents the activities of judicial personnel . . . .  Accordingly, the OOR has jurisdiction over the [DA's] denial of the venire list.

O.R. Item 11 Ex. C at 5-6.  The OOR further held that the DA's concerns for juror safety were conclusory and insufficient to withhold public access of the venire list under the RTKL.  *See* O.R. Item 11 Ex. C at 6.

On October 20, 2016, the DA appealed from the OOR's Final Determination regarding the venire list to the trial court.  *See* O.R. Item 2.  The trial court held oral argument on April 18, 2017.  *See* O.R. Item 18.  On April 20, 2017, the trial court vacated the OOR's Final Determination as to the venire list, stating: "[T]he [DA] need not provide . . . the venire list to [Williams], because the OOR did not have jurisdiction over the venire list as it is a record of a judicial agency . . .

Cmwlth. No. 706 C.D. 2016, filed Nov. 14, 2017) (wherein this Court concluded that "[a]lthough . . . [the] OOR could have dismissed [the] appeal for want of jurisdiction, it instead transferred his appeal to the [Judicial] Appeals Officer for the Philadelphia County Clerk of Courts.  *Cf. Faulk . . .* ."  Slip op. at 4.  *Nixon* is quoted herein for its persuasive value.  *See* 210 Pa. Code § 69.414(a).

Williams claims that since the DA's designated appeals officer has not rendered a final determination as to the records contained in his Request which were transferred, he has a mandamus action pending therefor.  *See* Williams Br. at 10 n.1; *see also Williams v. Phila. Dist. Attorney's Office* (Pa. Cmwlth. No. 373 M.D. 2017).

[6] The Final Determination stated, in pertinent part:

> [Williams'] appeal is **granted in part** and **transferred in part** to the Appeals Officer for the Philadelphia County [DA's] Office and the Office is required to provide a copy of the venire list within thirty days. . . .  Within thirty days of the mailing date of this Final Determination, either party may appeal to the [trial court].  65 P.S. § 67.1302(a).

O.R. Item 11 Ex. C (OOR Final Determination) at 6 (emphasis in original).

4

created by personnel of the judiciary."[7] Williams Br. Ex. 1 (Trial Ct. Order). The trial court's April 20, 2017 order directed that "the underlying appeal of Williams is REMANDED to the trial court's designated judicial appeals officer." *See id.* On May 12, 2017, Williams filed a motion for reconsideration, *see* O.R. Item 23 (Motion for Reconsideration) at 4, which the trial court denied on August 29, 2017. *See* O.R. Item 28.

On September 4, 2017, Williams appealed to this Court.[8] *See* O.R. Item 29. On June 5, 2018, the trial court issued its opinion, stating that "[t]he appeal may . . . be denied as untimely[,]" but nevertheless addressed Williams' substantive claims and reversed the OOR's order because "[a] venire list is created by personnel of the Pennsylvania judiciary and is consequently a judicial record [and,] [t]he OOR therefore lacked authority to require the [DA] to provide [it] to [Williams]." Williams Br. Ex. 1 (Trial Ct. Op.) at 3-4.

At the outset

> [u]nder Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a), **the Commonwealth Court has jurisdiction over appeals from final orders of the courts of common pleas**. Unless expressly provided for by statute or rule, **no appeal lies from an interlocutory order to this Court**. In ascertaining what is a final order,[FN2] this Court must look beyond the technical effect of the order to its practical ramifications. **To be final and appealable, the judgment must end the litigation, dispose of the entire case, or have the practical consequence of putting the litigant out of court**.
>
> [FN2] *See* Section 5105(c) of the Judicial Code, 42 Pa.C.S. § 5105(c) (granting right of appeal from

---

[7] According to a notation on the trial court's April 20, 2017 order and in its docket entries, the order was served upon Williams on April 24, 2017. *See* Trial Ct. Docket and O.R. Item 22.

[8] This Court's appellate review where, as here, the trial court was the reviewing court, "is limited to whether the trial court has committed an error of law and whether the findings of fact are supported by substantial evidence." *Office of the Dist. Attorney of Phila. v. Bagwell*, 155 A.3d 1119, 1123 n.3 (Pa. Cmwlth. 2017).

interlocutory order if allowed by law or rule); Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b) (giving discretion to appellate court to permit an appeal from an interlocutory order upon lower court certifying that order involves controlling question of law about which there exists substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of the matter); Pa.R.A.P. 311 (interlocutory appeals as of right); and Pa.R.A.P. 1311 (interlocutory appeals by permission).

*Kramer v. Zoning Hearing Bd. of Upper Saucon Twp.*, 641 A.2d 685, 686-87 (Pa. Cmwlth. 1994) (emphasis added; citations omitted). "This Court has held that a trial court order remanding a matter to [a responding] agency is *generally* interlocutory and not a final order from which an appeal may be taken." *Roth v. Borough of Verona*, 519 A.2d 537, 539 (Pa. Cmwlth. 1986). Specifically, "a trial court order remanding [an approval request to a responding agency] for determination . . . [is] not final and appealable, but [is] instead interlocutory because the trial court's determination neither adjudicated the ultimate rights of the parties nor finally put the case out of court."[9] *Kramer*, 641 A.2d at 687.

Here, the trial court's order did not dispose of Williams' request for the venire list, but rather vacated the OOR's Final Determination related to the venire list

---

[9] The RTKL identifies four types of public agencies: Commonwealth agencies, local agencies, legislative agencies, and judicial agencies. *See* [Sections 301 through 304 of the RTKL,] 65 P.S. §§ 67.301-304. The RTKL then provides that each agency, of whatever type, must appoint an 'open-records officer' who issues the agency's interim and final determinations on requests for access to public records of that agency, providing a written description of the requested record(s) and written specific reasons if a requester is denied access. [Sections 502 and 903(2),] 65 P.S. §§ 67.502, 903(2).

*Bowling v. Office of Open Records*, 75 A.3d 453, 457 (Pa. 2013). Thus, while this Court acknowledges that the cases cited herein involve local agencies rather than judicial agencies, since both agency types must respond to RTKL requests, they are responding agencies, to which the case law is applicable for the purposes cited herein.

and remanded that portion of the Request to the designated judicial appeals officer for consideration.[10]  Because the trial court's order did not dispose of Williams' request for the venire list, the trial court's order was interlocutory and not appealable.  Since no statutory appeal was permitted from the trial court's order, Williams' appeal could not be untimely.  Nevertheless, because this court lacks jurisdiction to review the Request's merits at this point in the process, Williams' appeal must be quashed.

Based on the foregoing, Williams' appeal is quashed.

_____
ANNE E. COVEY, Judge

---

[10] The record herein does not reflect whether the designated judicial appeals officer rendered a final determination about the Request or it was deemed denied.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia District Attorney's
Office

           v.

Craig Williams,
                    Appellant

:
:
:
:
:
:
:
:
:

No. 1337 C.D. 2017

# O R D E R

AND NOW, this 8th day of February, 2019, Craig Williams' appeal from the Philadelphia County Common Pleas Court's April 20, 2017 order is quashed.

_____
ANNE E. COVEY, Judge