IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joalvin Cruz, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| John Wetzel, Michael Bell, Dorina | : | |
| Varner, Ken Moore, Laurel Harry, | : | |
| Mr. Washington, Mr. Pierce, | : | |
| Tonya Heist, Wendy Unknown, | : | |
| Cynthia Link, Brian Workman, | : | |
| Christopher McGurty, Wendy | : | |
| Shaylor, Matthew Dusel, | : | No. 388 C.D. 2019 |
| Lisa Durand | : | Submitted: June 28, 2019 |


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED:  August 8, 2019

Joalvin Cruz (Cruz) appeals pro se from the Cumberland County Common Pleas Court's (trial court) November 19, 2018 order denying his Motion for Final Judgment in the Matter (Motion).  Essentially, Cruz presents one issue for this Court's review: whether his Motion was properly denied.  After review, we quash the appeal.

On September 7, 2017, Cruz filed a Complaint against Department of Corrections (Department) Secretary John Wetzel, Department Grievance Officer Michael Bell, Department Chief Grievance Officer Dorina Varner, Department Assistant Chief Grievance Officer Ken Moore, State Correctional Institution (SCI)-Camp Hill Superintendent Laurel Harry, SCI-Camp Hill Retired Property Room

Officer Washington, SCI-Camp Hill Retired Property Room Sergeant Pierce, SCI-Camp Hill Grievance Coordinator Tonya Heist, SCI-Camp Hill Grievance Coordinator Wendy Unknown, SCI-Graterford Superintendent Cynthia Link, SCI-Graterford Property Officer Brian Workman, SCI-Graterford Property Sergeant Christopher McGurty, SCI-Graterford Grievance Coordinator Wendy Shaylor, SCI-Graterford Lieutenant Matthew Dusel and SCI-Graterford Assistant Superintendent Lisa Durand (collectively, DOC/Defendants) in the trial court. Cruz served the Complaint on DOC[1] and, on or about October 17, 2017, Cruz served DOC with Interrogatories. On November 2, 2017, DOC filed a timely Answer to the Complaint with New Matter. On November 13, 2017, DOC filed timely responses to Cruz' Interrogatories.

On December 21, 2017, based on DOC's answers to Cruz' Interrogatories, Cruz filed an Amended Complaint, wherein the caption was amended to include the names of specific individuals previously identified only by job title in the Complaint. In February 2018, Cruz served DOC with a Motion for Judgment on the Pleadings.[2] On February 22, 2018, DOC filed Preliminary Objections to Cruz' Motion for Judgment on the Pleadings. On April 11, 2018, the trial court held oral argument on the Motion for Judgment on the Pleadings and on June 25, 2018, the trial court overruled DOC's Preliminary Objections.[3]

On November 1, 2018, Cruz filed his Motion, which DOC opposed. On November 19, 2018, the trial court denied the Motion. Cruz filed a Notice of Appeal to the Pennsylvania Superior Court on December 10, 2018. Pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b), on December 13, 2018, the trial court

---

[1] The Complaint was served on the individual Defendants between October 2 and October 18, 2017.

[2] Cruz' Motion for Judgment on the Pleadings was not filed until March 27, 2018, presumably due to lag time caused by Cruz' prisoner status. *See* Trial Ct. Op. at 2.

[3] The trial court did not rule on Cruz' Motion for Judgment on the Pleadings.

ordered Cruz to file a concise statement of errors complained of on appeal (Rule 1925(b) Statement) no later than 21 days after the entry of the order. On February 6, 2019, the trial court issued a Statement in Lieu of Rule 1925(a) Opinion, wherein it stated that the matter was not yet ripe for summary judgment and Cruz "failed to file a [Rule 1925(b) Statement]; therefore the appeal should be quashed." Trial Ct. Op. at 2. By February 7, 2019 order, the Pennsylvania Superior Court transferred the appeal to this Court.[4]

By May 7, 2019 Order, this Court directed, *inter alia*:

[I]t appearing from the trial court's Statement in Lieu of [Rule] 1925(a) Opinion that [Cruz] failed to file a [Rule 1925(b) Statement] and that [Cruz] is appealing an order denying a motion for final judgment, the parties are directed to address waiver of issues on appeal and the appealability of the trial court's order in their merits briefs.

May 7, 2019 Order.

---

[4] Because appellate review of a trial court ruling on summary judgment motions entails a question of law, our standard of review is *de novo* and our scope of review is plenary. Our Supreme Court has explained the standard of review employed by trial courts reviewing summary judgment motions as follows:

Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

*Starling* [*v. Lake Meade Prop. Owners Ass'n, Inc*.], 162 A.3d [327,] 340 [Pa. 2017] (quoting *Gilbert v. Synagro Cent*[.]*, LLC*, . . . 131 A.3d 1, 10 ([Pa.] 2015)).

*Pane v. Indian Rocks Prop. Owners Ass'n, Inc. of Ledgedale*, 167 A.3d 266, 270 n.2 (Pa. Cmwlth. 2017) (citations omitted).

In reviewing these issues, this Court must first determine whether this matter is properly before us since we do not have jurisdiction over appeals from non-appealable orders. If we do have jurisdiction, we will next address whether Cruz waived his arguments by failing to file his Rule 1925(b) Statement.

Initially,

> [u]nder Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a), the Commonwealth Court has jurisdiction over appeals from final orders of the courts of common pleas. Unless expressly provided for by statute or rule, no appeal lies from an interlocutory order to this Court. In ascertaining what is a final order, this Court must look beyond the technical effect of the order to its practical ramifications. To be final and appealable, the judgment must end the litigation, dispose of the entire case, or have the practical consequence of putting the litigant out of court.

*Phila. Dist. Attorney's Office v. Williams*, 207 A.3d 410, 414 (Pa. Cmwlth. 2019) (emphasis and footnote omitted) (quoting *Kramer v. Zoning Hearing Bd. of Upper Saucon Twp.*, 641 A.2d 685, 686-87 (Pa. Cmwlth. 1994) (citations omitted)). "It is well settled that the denial of a motion for summary judgment is an interlocutory order." *Pa. Tpk. Comm'n v. Jellig*, 563 A.2d 202, 204 (Pa. Cmwlth. 1989), *aff'd sub nom. Jellig v. Kiernan*, 620 A.2d 481 (Pa. 1993).

Here, Cruz filed a summary judgment motion which he entitled Motion for Final Judgment in the Matter. In response to the Motion, DOC averred that discovery was ongoing and there remained genuine issues of material fact. *See* DOC's Response to Cruz' Motion at 2. The trial court denied the Motion because "genuine issues of fact remain unsettled." Trial Ct. Op. at 2. Clearly, the order did not "end the litigation, dispose of the entire case, or have the practical consequence of putting the litigant out of court." *Williams*, 207 A.3d at 414. "In the case *sub judice*, there was a denial of a motion for [] summary judgment; thus the appeal *is* from an

interlocutory order." *Jellig*, 563 A.2d at 204. Accordingly, this Court does not have jurisdiction over Cruz' appeal therefrom.

For all of the above reasons, Cruz' appeal from the trial court's order is quashed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joalvin Cruz,                                                    :
                       Appellant        :
                                    :
            v.                                                 :
                                    :

John Wetzel, Michael Bell, Dorina            :
Varner, Ken Moore, Laurel Harry,             :
Mr. Washington, Mr. Pierce,                       :
Tonya Heist, Wendy Unknown,                  :
Cynthia Link, Brian Workman,                   :
Christopher McGurty, Wendy                      :
Shaylor, Matthew Dusel,                            :        No. 388 C.D. 2019
Lisa Durand                                               :

## O R D E R

AND NOW, this 8th day of August, 2019, Joalvin Cruz' appeal from the Cumberland County Common Pleas Court's November 19, 2018 order is quashed.

_____
ANNE E. COVEY, Judge