## Leonard B. Finkelstein and Leila Finkelstein, his wife, Plaintiffs *v.* Shippensburg State College, Defendant.

Argued February 4, 1977, before Judges Kramer, Rogers and Blatt, sitting as a panel of three.

*Benjamin Kuby,* with him *Klovsky, Kuby & Harris,* for plaintiffs.

*C. Glendon Frank,* Assistant Attorney General, for defendant.

PER CURIAM OPINION AND ORDER, March 23, 1977:

This action in trespass was filed within the original jurisdiction of this Court. It was brought by Leonard and Leila Finkelstein (plaintiffs) against Shippensburg State College (Shippensburg). The complaint alleges that plaintiff, Leonard Finkelstein, a business invitee of Shippensburg, sustained various injuries in a fall into an unlighted, unmarked culvert located on Shippensburg's grounds. In addition to its other preliminary objections, Shippensburg raises the bar of sovereign immunity to plaintiffs' causes of action. We sustain this objection.

The doctrine of sovereign immunity provides that the Commonwealth, or an instrumentality or agency of the Commonwealth, cannot be sued without express legislative consent. Pa. Const. art. I, §11; *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 183, 301 A.2d 849, 851 (1973). Shippensburg is a state agency, owned and operated by the Commonwealth.[1] This Court has held in prior decisions that similar state colleges are cloaked with sovereign immunity. *Brungard v. Hartman,* 12 Pa. Commonwealth Ct. 477,

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §20-2001 et seq.

315 A.2d 913 (1974). As there is no express legislation which allows Shippensburg to be sued in trespass, we hold that the bar of sovereign immunity is available to Shippensburg in this action.

Plaintiffs argue that sovereign immunity is not available in this instance because Shippensburg was not operating in a government function. Plaintiffs in this argument rely upon language found in *Biello v. Pennsylvania Liquor Control Board, supra.* This Court does not read *Biello* as holding that this State's sovereign immunity is subject to the distinction between governmental and proprietary functions. This doctrine is in fact constitutionally mandated and as previously stated can only be altered by legislation. *See Poklemba v. Shamokin Hospital,* 21 Pa. Commonwealth Ct. 301, 304, n. 2, 344 A.2d 732, 734, n. 2 (1975). *See also Brown v. Commonwealth,* 453 Pa. 566, 574, n. 1, 305 A.2d 868, 873, n. 1 (1973) (POMEROY, J. concurring). We sustain Shippensburg's preliminary objections based upon sovereign immunity and dismiss the complaint.

PER CURIAM

ORDER

AND Now, this 23rd day of March, 1977, the preliminary objection of defendant Shippensburg State College is sustained, and the complaint against Shippensburg State College is dismissed.