536 A.2d 472

James P. Poliskiewicz, Appellant *v*. East Stroudsburg University, Appellee.

Submitted on briefs November 19, 1987, to Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Leonard N. Zito, Zito, Martino and Karasek,* for appellant.

*Michael B. Sutton,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE DOYLE, January 22, 1988:

This is an appeal by James P. Poliskiewicz (Appellant) from an order of the Court of Common Pleas of Monroe County, which sustained a preliminary objection in the nature of a demurrer filed by East Stroudsburg University (Appellee) and dismissed Appellant's complaint.

In his complaint and amended complaint, Appellant alleged that he was employed by the Police Department of the Borough of Bangor and by Appellee as a police officer when, on February 10, 1985, he was involved in an incident in a bar in Monroe County, which resulted in his being arrested for disorderly conduct and public

drunkenness. On February 12, 1985, Appellant was suspended from both jobs pending the outcome of the criminal proceedings instituted against him. Appellant further avers that on April 4, 1985 all criminal charges against him were dismissed; thereafter, Appellant was reemployed by the Borough, but not by Appellee. He further averred that Appellee has refused to reemploy him. Appellant maintains that his discharge by Appellee and the subsequent refusal to reemploy him is violative of Sections 9124 and 9125 of the Criminal History Record Information Act (Record Act), 18 Pa. C. S. §§9124, 9125. He further argues that his discharge was based upon mere unproven accusations; that Appellee's reasons for discharging him are not legitimate; that he has suffered damages in that he has been unable to secure comparable employment; and that his discharge was in violation of the personnel manual issued to him by Appellee. As a remedy, Appellant seeks monetary damages.

Appellee, in its preliminary objection in the nature of a demurrer, raises the defense of sovereign immunity.[1] Trial Judge PETER J. O'BRIEN, citing *Allio v. Department of Transportation*, (No. 84-C-723 filed October 30, 1984), an opinion of President Judge BACKENSTOE of the Court of Common Pleas of Lehigh County, held that sovereign immunity did operate to bar the instant suit. He, therefore, sustained the preliminary objection and dismissed the complaint.

Section 8522 of the Judicial Code, 42 Pa. C. S. §8522, represents the current statute which pertains

---

[1] Preliminary objections are a proper vehicle for raising the defense of sovereign immunity where, as here, the defense is apparent on the face of the pleading under attack. *Ziccardi v. School District of Philadelphia*, 91 Pa. Commonwealth Ct. 595, 498 A.2d 452 (1985).

generally to the waiver of sovereign immunity. It pertinently provides:

Exceptions to Sovereign Immunity

(a) Liability Imposed.—The General Assembly, pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, does hereby waive, *in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter* and within the limits set forth in Section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) *Vehicle liability.*

. . .

(2) *Medical-professional liability.*

. . .

(3) *Care, custody or control of personal property.*

. . .

(4) *Commonwealth real estate, highways and sidewalks.*

. . .

(5) *Potholes and other dangerous conditions.*

. . .

(6) *Care, custody or control of animals.*

. . . .

(7) *Liquor store sales.*

. . .

(8) *National Guard activities.*

. . .

(9) *Toxoids and vaccines.*
(Emphasis added.)

In ascertaining whether the immunity bar applies here, we must first decide whether Appellee is "the Commonwealth." Prior to the 1982 reorganization that created the State System of Higher Education, state colleges were held to be "the Commonwealth" for purposes of immunity. *See e.g., Finkelstein v. Shippensburg State College,* 29 Pa. Commonwealth Ct. 373, 370 A.2d 1259 (1977). And because Section 2016-A of the Public School Code of 1949,[2] 24 P.S. §20-2016-A, specifically provided for the continuation of, *inter alia,* "privileges" for what were formerly denominated as state colleges, we hold that the doctrine of sovereign immunity continues to be a viable defense available to such institutions. Having determined that the defense of immunity is available generally to Appellee, we must now decide whether it was waived in this particular instance.

As is evident from a reading of Section 8522 of the Judicial Code, the legislature has elected to waive sovereign immunity only in limited instances. Indeed, Judge BLATT, in discussing Section 8522(a) in *Davidow v. Anderson,* 83 Pa. Commonwealth Ct. 86, 91 476 A.2d 998, 1000 (1984) wrote:

We interpret this section as being evidence of an intent on the part of the General Assembly to

---

[2] Act of March 10, 1949, P.L. 30, *as amended.* Section 2016-A was added by Section 2 of the Act of November 12, 1982, P.L. 660.

exempt the sovereign from immunity only in specific, clearly-stated situations and that it is our duty, therefore, strictly to construe the above sections.

Appellant, however, does not argue that he falls within the enumerated exceptions in Section 8522(b). Instead, he asserts that "the spirit of [Sections 9124 and 9125 of the Record Act] evidences the intent of the legislature that the Commonwealth should not be allowed to assert the doctrine of sovereign immunity. . . ." Brief of Appellant, p. 10. Thus, the theory under which Appellant proceeds is that Sections 9124 and 9125 of the Record Act in and of themselves constitute a substantive exception to the immunity bar. Section 9124, however, provides for the limited use of criminal record information by *licensing agencies.* Appellee here is not applying for a license and we fail to see how this section is relevant to his case. Section 9125 states as follows:

*Use of records for employment*

(a) *General rule*—Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section.

(b) *Use of information.*—Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.

(c) *Notice.*—The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information.

Further, Section 9103 of the Record Act, 18 Pa. C. S. §9103, makes it clear that the Record Act does apply

to, *inter alia,* "any agency of the Commonwealth" and, Section 9183, 18 Pa. C. S. §9183, does provide for civil actions where provisions of the Record Act are violated. What the Record Act does not contain is a specific provision waiving immunity as to the Commonwealth. We thus must decide whether an implied waiver of immunity exists.

We begin with our State Constitution, which pertinently provides, "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1, §11. At one time the view was that this provision substantively operated to establish sovereign immunity, *see e.g., Sweigard v. Pennsylvania Department of Transportation,* 454 Pa. 32, 309 A.2d 374 (1973), overruled by *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), and that under this provision the Commonwealth had absolute sovereign immunity from suit. *Trulli v. City of Philadelphia,* 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1976). That interpretation of Article 1, Section 11 was repudiated in *Mayle.* It was in this political/judicial climate that the legislature enacted 1 Pa. C. S. §2310, a statute that continues in effect today. Section 2310 reads as follows:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall *specifically* waive the immunity. When the General Assembly *specifically* waives sovereign immunity, a claim against the Commonwealth and its officials and em-

ployees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

(Emphasis added.)

It is axiomatic that the object of all statutory construction is to ascertain and effectuate the intent of the legislature. *See* Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a). Further, the plain words of a statute cannot be disregarded where the language is free and clear from all ambiguity. *Hyser v. Allegheny County,* 61 Pa. Commonwealth Ct. 169, 434 A.2d 1308 (1981). Section 2310 is clear on its face: Unless sovereign immunity has been *specifically* waived, the legislature intends that it remain in effect. We can find nothing in either Section 8522 of the Judicial Code or anywhere in the Record Act that demonstrates that the legislature has *specifically* waived the defense for purposes of the type of action brought here. Accordingly, we must conclude that the defense exists for purposes of this case.

Therefore, we affirm the sound decision of the trial court, which sustained Appellee's preliminary objection and dismissed the complaint.

### ORDER

NOW, January 22, 1988, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby affirmed.