## Purdy v. Romeo

*Susanne E. Mason,* for plaintiffs.

*P. Daniel Atland,* for defendant Mark Romeo.

*Edward A. Monsky,* for defendants Joelyne Pohutsky, Richard Agretto, Colonial Northampton Intermediate Unit no. 20, Delaware Valley School District.

O'BRIEN, *J.,* July 15, 1991—On April 22, 1991, plaintiff Marilyn Dolores Purdy, who as a member of the Colonial Northampton Intermediate Unit no. 20 performed professional services at both the Delaware Valley School District and Stroudsburg School District, and her husband filed their amended complaint. The amended complaint sought damages from defendants Mark Romeo, a student who allegedly assaulted her; Joelyne Pohutsky and Richard Agretto, who supervised her employment; and her employers. On July 2, 1991, this court entered an order upon agreement of all parties dismissing Stroudsburg School District as a defendant for factual reasons. All defendants, except the student Mark Romeo, have filed preliminary objections raising several issues including governmental immunity pursuant to the Political Subdivision Tort Claims Act. Following submission of briefs and oral

argument on July 1, 1991, these preliminary objections are now before the court for disposition.

Our Commonwealth Court has held that a preliminary objection is a proper means of raising the issue of sovereign immunity. See *Finkelstein v. Shippensburg,* 29 Pa. Commw. 373, 370 A.2d 1259 (1977). The role of courts in ruling on preliminary objections is to determine whether or not the facts as pleaded are legally sufficient to permit the action to continue. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). In ruling on a demurrer, courts may only consider such matters as arise out of the complaint itself; they cannot supply a fact missing in the complaint. *Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A.2d 451 (1964). In reviewing a defendant's demurrer, we must regard as true all well-pled facts, and reasonable inferences from those facts, advanced in the complaint. *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983). It is well-settled that the real estate exception to governmental immunity is unavailable to those whose claim of negligence is predicated upon a failure to adequately supervise the conduct of students. *Davies v. Barnes,* 94 Pa. Commw. 145, 503 A.2d 93 (1986); *Messina v. Blairsville-Saltsburg School District,* 94 Pa. Commw. 100, 503 A.2d 89 (1986).

The Political Subdivision Tort Claims Act provides in pertinent part as follows:

"(a) *Liability imposed.* A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a person not having

available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by negligent acts of a local agency or any employee thereof acting within the scope of his offices or duties with respect to one of the categories listed in subsection (b). As used in this paragraph 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) *Acts which may impose liability.* The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) Vehicle liability. . .

"(2) Care, custody or control of personal property. . .

"(3) Real property. . .

"(4) Trees, traffic controls and street lighting. . .

"(5) Utility service facilities. . .

"(6) Streets. . .

"(7) Sidewalks. . .

"(8) Care, custody or control of animals. . ." 42 Pa.C.S. §8542.

In the case at bar, to impose liability upon defendants Colonial Northampton Intermediate Unit no. 20 and Delaware Valley School District, the burden of proof facing plaintiffs is thus two-tiered: Plaintiffs must prove that (1) their injuries occurred as the result of an act or acts for which damages would be recoverable under common law or a statute creating a cause of action and (2) that their injuries were caused by the negligent acts of the agency or its employees acting within the scope of their duties with respect to one of the categories of waiver. *Chevalier v. City of Philadelphia,* 91 Pa. Commw. 36, 496 A.2d 900 (1985). In the case at bar, plaintiffs'

complaint contains averments couched in terms of negligence on the part of employees of defendants Colonial Northampton Unit no. 20 and Delaware Valley School District, yet fails to allege injury with respect to one of the categories of waiver. Plaintiffs rely upon the Commonwealth Court's interpretation of the real estate exception in *Johnson v. SEPTA and City of Philadelphia,* 91 Pa. Commw. 587, 498 A.2d 22 (1985). However, our Supreme Court in *Johnson v. SEPTA and City of Philadelphia,* 516 Pa. 312, 532 A.2d 1109 (1987), reversed the Commonwealth Court and rejected plaintiffs' extension of the real estate exception to injuries which result from inadequate supervision of persons who cause injuries to the public on municipal premises. The court held the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). See also, *City of Philadelphia v. Buck,* 138 Pa. Super. 250, 587 A.2d 875 (1991).

There is no allegation in plaintiffs' complaint that a defect in the land itself caused injury to plaintiff. Neither can we construe the allegations of intentional infliction of emotional distress, interference with contractual relationship, or civil conspiracy as fitting within one of the categories of waiver. Therefore, no cause of action is authorized by the act against defendants Colonial Northampton Unit no. 20 and Delaware Valley School District for the facts alleged in plaintiffs' amended complaint.

Having concluded all of the tort allegations of plaintiffs' amended complaint against Colonial Northampton Unit no. 20 and Delaware Valley School

District are barred by sovereign immunity, we must now consider whether the professional employee individual defendants are protected by governmental immunity. The Political Subdivision Tort Claims Act provides further in relevant part as follows:

"§8545. *Official liability generally*

"An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." 42 Pa.C.S. §8545.

"§8550. *Willful misconduct*

"In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8448 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply." 42 Pa.C.S. §8550.

Therefore, pursuant to 42 Pa.C.S. §8550, an employee is not protected by the local agency's immunity if his act constitutes a crime, actual fraud, actual malice, or willful misconduct. Our Commonwealth Court has held that willful misconduct in this context is synonymous with "intentional tort." *King v. Breach,* 115 Pa. Commw. 355, 540 A.2d 976 (1988). Defendants Agretto and Pohutsky are therefore not protected by governmental immunity with respect to the allegations of intentional infliction of emotional distress. However, the allegations against them alleging interference with a contractual rela-

tionship and conspiracy are precluded by another principle of law.

The Restatement (Second) of Torts provides in pertinent part as follows:

"In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relationship of another is improper or not, consideration is given to the following factors:

"(a) the nature of the actor's conduct,

"(b) the actor's motive,

"(c) the interests of the other with which the actor's conduct interferes,

"(d) the interests sought to be advanced by the actor,   -

"(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

"(f) the proximity or remoteness of the actor's conduct to the interference and

"(g) the relations between the parties." Section 767.

In applying the foregoing provision of the Restatement, our courts have uniformly held that an action to interfere with a plaintiff's contractual relationship or conspiracy may not be brought by an employee against supervisory employees or his employer. *Menefee v. Columbia Broadcasting System Inc.,* 458 Pa. 46, 329 A.2d 216 (1974); *Martin. v. Capital Cities Media Inc.,* 354 Pa. Super. 199, 511 A.2d 830 (1986). Therefore, the demurrer of the individual defendants to counts III and IV of the amended complaint must be sustained.

Count VI of plaintiff's complaint seeks punitive damages against all defendants. However, in *Gilbert v. Philadelphia School District,* 98 Pa. Commw. 282, 511 A.2d 258 (1986), our Commonwealth Court

248

has interpreted 42 Pa.C.S. §§8553 and 8549 to preclude the recovery of punitive damages against governmental agencies. However, if willful misconduct of the individual defendants is established, the limitation of damages is not applicable (see 42 Pa.C.S. §8550, *supra*).

## ORDER

And now, July 15, 1991, it is ordered as follows:

(1) The preliminary objections of Colonial Northampton Intermediate Unit no. 20 and Delaware Valley School District in the nature of a demurrer are sustained and those defendants are dismissed as parties in this proceeding.

(2) The preliminary objections of Joelyne Pohutsky and Richard Agretto in the nature of a demurrer to counts III and IV of plaintiffs' complaint are sustained and those counts are dismissed.

(3) In all other respects, the preliminary objections of individual defendants are dismissed.

(4) Individual defendants are granted 20 days within which to file an answer to the remaining counts of plaintiffs' amended complaint.