**John McNICHOLS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2002.

Decided Aug. 16, 2002.

---

Scott E. Schermerhorn, Scranton, for appellant.

Patrick S. Cawley, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, PELLEGRINI, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

Appellant, John McNichols, appeals the order of the Lackawanna County Common Pleas Court (trial court) granting the Department of Transportation's (PennDot) preliminary objections dismissing McNichols' complaint. For the reasons set forth below, we affirm.

PennDot employed McNichols, an at-will employee, as a permanent, seasonal part-

time equipment operator. He worked each year from November through April. The complaint stems from a 1998 work-related injury, and a subsequent workers' compensation claim. Although PennDot initially denied the workers' compensation claim, the two parties eventually entered into an agreement acknowledging that McNichols had in fact suffered a work-related injury causing temporary total disability from February 1998 through May 1998. In November of 1999, McNichols avers, that when he was ready and able to resume his regular seasonal employment, PennDot refused to take him back, and that this refusal constituted a termination of employment.

Following his termination, McNichols filed suit against PennDot, alleging that he was wrongfully discharged in retaliation for filing a workers' compensation claim. In response, PennDot filed preliminary objections maintaining that the lawsuit was barred by Sections 8521 to 8522 of the Judicial Code, 42 Pa.C.S. §§ 8521–8522. The trial court held that wrongful discharge did not fall into one of the exceptions set forth in 42 Pa.C.S. § 8522(b), and, therefore, the instant action by McNichols was barred by sovereign immunity. As such, the trial court dismissed the action. This appeal followed.

When reviewing an order granting preliminary objections in the nature of a *demurrer*, this Court assumes as true all material facts set forth in the complaint and all inferences reasonably deducible therefrom. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). The scope of review is limited to whether the law states, with certainty, that no recovery is possible. *Sontag v. Ward*, 789 A.2d 778 (Pa.Cmwlth.2001).

McNichols contends that the trial court erred in granting PennDot's preliminary objection and dismissing the case. He argues that although wrongful termination for filing for workers' compensation benefits does not fall within the narrow exceptions outlined in 42 Pa.C.S. § 8522(b), the Pennsylvania Supreme Court's holding in *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1998), should be interpreted, as a matter of public policy, as not differentiating between a public and a private employee in such circumstances. According to McNichols, the court in *Shick* held that as a matter of public policy, "a cause of action exists under Pennsylvania Law for wrongful discharge of an employee who files a claim for workers' compensation benefits." *Shick*, 552 Pa. at 604, 716 A.2d at 1238. Therefore, based on McNichols' interpretation of *Shick*, all employees should be protected from wrongful termination regardless of sovereign immunity.

In opposition, PennDot contends that wrongful termination, the issue that McNichols raises, is not listed among the nine exceptions laid out in 42 Pa.C.S. § 8522. Relying on *Poliskiewicz v. East Stroudsburg University*, 113 Pa.Cmwlth. 13, 536 A.2d 472, 474 (1988), PennDot argues that because there is an unambiguous statute, that excludes wrongful termination as an exception, sovereign immunity should also apply in this case. In *Poliskiewicz*, this Court held that the legislature did not specifically waive the defense of sovereign immunity with respect to a police officer's claims against a university because the claim did not fall within the statutory exceptions.

PennDot further asserts that McNichols' reliance on *Shick* is erroneous because in *Shick*, where employees were fired in retaliation for filing workers' compensation claims, they had a common law cause of action in the absence of any applicable

statute, a situation completely distinguishable from the case at hand. The defendant-employer in *Shick,* and in all of the cases cited within that opinion, were private parties, and so the court emphasized public policy concerns regarding their employment because there was no statute addressing the matter. The present case is distinguishable because a clear unambiguous statute addresses this issue, and, therefore, according to PennDot, this case is not what the *Shick* court envisioned with regard to judicial expression of public policy. We agree.

■ It is a well-established principle that absent a clear violation of public policy, an at-will employee may be terminated "for good cause, bad cause, or no cause at all." *Rank v. Township of Annville,* 163 Pa.Cmwlth. 492, 641 A.2d 667 (1994). An at-will employee is defined as one whose employment is not governed by a written contract for a specific term and who is terminable at the will of either the employer or the employee. *Werner v. Zazyczny,* 545 Pa. 570, 681 A.2d 1331 (1996). In the case at hand, McNichols had no employment contract, and was an at-will employee, and therefore PennDot could terminate his employment status for any reason or for no reason at all.

■ Even assuming *arguendo* that public policy was threatened, sovereign immunity prevents this case from going. any further.[1] Sovereign immunity precludes an individual from bringing an action against the government without its consent. *Williamson v. Southeastern Pennsylvania Transportation Authority,* 154

Pa.Cmwlth. 448, 624 A.2d 218, 222 (1993). The only exceptions to sovereign immunity are enumerated in 42 Pa.C.S. § 8522(b). Wrongful discharge, the issue raised by McNichols, is not one of the enumerated exceptions.

Because wrongful discharge is not one of the exceptions set forth in 42 Pa.C.S. § 8522(b), and because McNichols is an at-will employee, the trial court did not err in sustaining PennDot's preliminary objection.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

**AND NOW,** this 16th day of August 2002, the order of the Court of Common Pleas of Lackawanna County entered in the above-captioned matter is **AFFIRMED.**

---

1. Where public policy may be threatened, one may not impose liability on a Commonwealth party unless "(1) the alleged negligent act involves a cause of action that is recognized at common law or by statute; and (2) the case

falls within one of the exceptions to sovereign immunity listed in 42 Pa.C.S. § 8522(b)." *Moser v. Heistand,* 168 Pa.Cmwlth. 109, 649 A.2d 177 (1995), *affirmed,* 545 Pa. 554, 681 A.2d 1322 (1996).