## Leonard v. East Stroudsburg University

C.P. of Monroe County, No. 4246 CV 2011

*Michael S. Ferguson,* for plaintiff.
*Donald P. Russo,* for defendant.

ZULICK, *J.,* December 9, 2013—This is an action for damages and injunctive relief for an alleged employment retaliation in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d) and for age discrimination under the Age Discrimination in Employment Act of 1967, (ADEA) 29 U.S.C. §623(d). Plaintiff Delores Leonard commenced this action by praecipe for writ of summons filed on May 9, 2011. Her second amended complaint was filed on August 14, 2013.

Defendant East Stroudsburg University (ESU) has filed preliminary objections to count II of Ms. Leonard's second amended complaint, in which she seeks relief for

age discrimination under the ADEA. ESU contends that her suit is barred by the doctrine of sovereign immunity. Both parties briefed their positions, and the matter was argued before the court on November 5, 2013.

## DISCUSSION

ESU's preliminary objections are in the nature of a demurrer. In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deductible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Albert v. Erie Ins. Exchange*, 65 A.3d 923, 927 (Pa. Super. 2013) (citations omitted).

ESU is member of the Pennsylvania State System of Higher Education. 24 P.S. §20-2002-A. As part of the government of the Commonwealth of Pennsylvania. ESU enjoys the protections of sovereign immunity under both the state and federal Constitutions. Pa. Const. Art. 1 § 11; U.S. Const. Amend. 11. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010), *Poliskiewicz v. East Stroudsburg University*, 536 A.2d 472, 474 (Pa. Cmwlth. 1988). The Pennsylvania Constitution invests the legislature with the power to determine the circumstances under which the Commonwealth may be sued. To that end, it enacted 1 Pa.C.S. §2310, which provides:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the general assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the general assembly shall specifically waive the immunity. When the general assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310.

The second count of Ms. Leonard's complaint seeks to hold ESU liable for violations of the ADEA, 29 U.S.C. § 621 et seq. That section provides, in part:

(a) Employer practices

It shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a). Leonard has alleged that she was discriminated against, and ultimately discharged, because of her age, in violation of the ADEA.

ESU contends that the ADEA did not abrogate the Commonwealth's sovereign immunity. ESU relies upon *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). In *Kimel*, the question before the Supreme Court was whether congress could subject the several states to liability under the ADEA despite sovereign immunity under state constitutions. The *Kimel* Court stated:

In light of the indiscriminate scope of the [ADEA's] substantive requirements, and the lack of evidence of widespread and unconstitutional age discrimination by the states, we hold that the ADEA is not a valid exercise of congress' power under §5 of the fourteenth amendment. The ADEA's purported abrogation of the

states' sovereign immunity is accordingly invalid.

*Kimel*, 528 U.S. at 91. *Kimel* therefore stands for the proposition that a plaintiff may not subject a state actor or agency to damages under the ADEA when that state raises a sovereign immunity defense. ESU's preliminary objection as to Leonard's claim for damages will be granted.

Leonard also seeks injunctive and declaratory relief, seeking, *inter alia*, reinstatement to her past position of employment. While ESU correctly asserts that sovereign immunity bars the imposition of money damages upon the state or its actors, the same is not necessarily true of injunctive or declaratory relief. Our supreme court has characterized the difference as follows:

> [t]he distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek to *restrain state officials* from performing affirmative acts are not within the rule of immunity.

*Wilkinsburg Police Officers Ass'n By and Through Harder v. Commonwealth of Pennsylvania et al.*, 535 A.2d 425, 430-31 (Pa. 1993) (emphasis in original). In short, "sovereign immunity does not bar a declaratory judgment action or injunction seeking to prohibit state parties from acting, [however] it does apply to an action seeking to compel

state parties to act or seeking to obtain money damages or recover property from the Commonwealth." *Sears v. Corbett*, 49 A.3d 463, 471 (Pa. Cmwlth. 2012). Leonard contends that an injunction granting her reinstatement is prohibitory (preventing the state from taking an illegal action, namely firing her in violation of the ADEA) and would merely return her to the state's payroll.

The Third Circuit recently decided this question in a per curiam opinion in *Smith v. Secretary of Dept. of Environmental Protection of Pennsylvania*, 2013 WL 5071305 (3d Cir. 2013), the Third Circuit held that an injunction seeking reinstatement was not barred by sovereign immunity. The court distinguished between reinstatement and forcing a new hiring, opining:

> There does appear to be agreement that injunctive relief *returning* a former employee to employment is permissible. However, the Supreme Court has stated that "a suit may fail ... if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign," suggesting that a claim for injunctive relief requiring that a plaintiff be *newly* hired *may* be barred by the eleventh amendment.

*Smith*, 2013 WL at 2 (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 691 n. 11, (1949)) (internal citations omitted). *See also, Dotson v. Griesa*, 398 F.3d 156, 178 (2d Cir. 2005) (finding the eleventh amendment did not bar claim for reinstatement to previous employment because it merely "return [ed] the former employee to the state's payroll"); *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir. 1983) (finding reclassification of an employee not barred by eleventh

amendment).

The exception to the sovereign immunity defense for prospective injunctive relief finds its origin in *Ex Parte Young*, 209 U.S. 123, (1908). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created an exception to the general doctrine of sovereign immunity. The court stated:

> The general discretion regarding the enforcement of the laws when and as he deems appropriate is not interfered with by an injunction which restrains the state officer from taking any steps towards the enforcement of an unconstitutional enactment, to the injury of complainant. In such case no affirmative action of any nature is directed, and the officer is simply prohibited from doing an act which he had no legal right to do. An injunction to prevent him from doing that which he has no legal right to do is not an interference with the discretion of an officer.

*Id.* at 159. The Supreme Court later interpreted *Ex parte Young* to stand for the principle "that the eleventh amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). The reason for this is that "[b]oth prospective and retrospective relief implicate eleventh amendment concerns, but the availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the supremacy clause. Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law." *Id.* If states were allowed to routinely and continually flout federal law, then that law would not maintain its status as the supreme law of the land under the supremacy clause, U.S. Const.

Art. VI Clause 2.

The *Ex parte Young* doctrine applies to states not only when sued in federal court, but also when sued in their own courts. *See General Oil Co. v. Crain*, 209 U.S. 211, (1908); *Alden v. Maine*, 527 U.S. 706, 747 (1999). The important distinction is that while *Kimel* held that sovereign immunity barred private actions for money damages, "[n]either *Kimel*, nor eleventh amendment jurisprudence, prevents individuals, such as the *Gately* plaintiffs, from obtaining injunctive relief against a state based upon the ADEA pursuant to *Ex parte Young*." *State Police for Automatic Retirement Ass'n. v. DiFava*, 317 F.3d 6, 12 (1st Cir. 2003). In *DiFava*, the court distinguished money damages actions and requests for injunctive relief as remedies under the ADEA. The court stated:

> Moreover, nothing was said in *Kimel* to question *Wyoming*'s determination that congress had extended the ADEA to cover state and local governments and their employees in addition to private firms and individuals. Nor did *Kimel* alter *Wyoming*'s holding that the ADEA's regulation of state and local government workers did not violate the tenth amendment or other provisions of the constitution. All that *Kimel* held was that-although the ADEA remained a valid exercise of congress's power under the commerce clause-this fact alone did not, and could not, enable congress to override a state's eleventh amendment immunity against suit. Hence *Kimel* did not declare the standards of the ADEA invalid nor inapplicable as they pertained to the states, but simply endorsed the rights of states and political subdivisions to enforce against ADEA lawsuits the immunity conferred by the eleventh amendment.

*Id.* at 11-12.

A similar conclusion was reached by the Supreme Court of New Mexico in *Gill v. Public Employees Retirement Bd. of Public Employee Retirement Ass'n. of New Mexico*, 90 P.3d 491 (N.M. 2004). In *Gill*, the court determined that the ADEA plaintiff, despite sovereign immunity, could still obtain prospective relief from New Mexico.

Here, the complaint alleges an ongoing violation of federal law, and at least with respect to the requested injunctive and declaratory relief, is properly characterized as prospective.[1] *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002). The suit also does not implicate any unique sovereignty interests of the Commonwealth. *See, e.g. Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997).

However, an impediment to Leonard's suit remains. Relief under *Ex parte Young* is available against state officers only, not East Stroudsburg University itself. *See Verizon* 535 U.S. at 648. When the state itself is named as the defendant, a suit against state officials that is in fact a suit against a state is barred regardless of whether it seeks damages or injunctive relief. *See Cory v. White*, 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-102, 104 S.Ct. 900, 908 - 909 (1984). Since Leonard has commenced this action only against the university, and not an individual officer, the suit is barred by the eleventh amendment and Pennsylvania's statutory

---

1. The fact that the requested relief, including attorney's fees, will cause some expenditure from the state treasury is not dispositive. "The overriding question is not whether the relief will require the payment of state funds, but whether the relief will remedy future rather than past wrongs." *Harris v. Owens*, 264 F.3d 1282, 1291 (10th Cir. 2001).

sovereign immunity. Count II of plaintiff's second amended complaint will be dismissed.

## ORDER

And now, this 9th day of December, 2013, upon consideration of defendant's preliminary objections, and the arguments and briefs of the parties, it is ordered that defendant's preliminary objection to count II of the complaint is granted and that count is dismissed.