**Angelo ARMENTI, Jr., Petitioner**

v.

**PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION and The Board of Governors of the Pennsylvania State System of Higher Education, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2014.

Decided Sept. 29, 2014.

Steven M. Toprani, Pittsburgh, for petitioner.

Samuel H. Simon, Pittsburgh, for respondent.

BEFORE: BERNARD L. McGINLEY, Judge, and MARY HANNAH LEAVITT, Judge, and P. KEVIN BROBSON, Judge.

OPINION BY Judge McGinley.

Angelo Armenti, Jr. (Armenti) petitions for review of the Order of the Board of Claims which sustained the Preliminary Objections filed by the Pennsylvania State System of Higher Education (PASSHE)[1] and dismissed Armenti's claim for breach of contract.

Armenti was employed by PASSHE's Board of Governors under the terms of a series of employment agreements and served as the President of California State University of Pennsylvania ("Cal U") from 1992 until he was terminated on June 1, 2012, "for cause."

On October 10, 2012, Armenti filed a suit against PASSHE and several of its officials in the United States District Court for the Middle District of Pennsylvania (District Court), alleging various federal (due process, free speech) and pendent state law claims (defamation, Whistleblower Law[2]) as a result of his termination from employment. Among the pendent state law claims was a count for "Breach of Contract." Specifically, Armenti alleged that he had "an existing employment contract with PASSHE and the Board of Governors which specified a fixed durational term." Second Amended Complaint, Middle District of Pennsylvania, October 4, 2013, ¶ 172 at 27; Reproduced Record (R.R.) at 41. He alleged that PASSHE breached the employment contract "by terminating him without notice or cause as required by the express terms of the contract" and sought compensatory damages. Second Amended Complaint, Middle District of Pennsylvania, October 4, 2013, ¶ 173 at 27; R.R. at 41.

PASSHE filed a Motion to Dismiss and asserted that the District Court lacked jurisdiction. PASSHE argued that contractual claims against the Commonwealth and its agencies must be brought before the Board of Claims. The District Court agreed that the Board of Claims held exclusive jurisdiction over Armenti's breach of contract claim. See Order of the Honorable John E. Jones, III, dated October 2, 2013, at 26; R.R. at 218.

Following the District Court's dismissal of his breach of contract claim, Armenti filed a Statement of Claim with the Board of Claims which included a claim for breach of his employment agreement. Armenti alleged that he had an employment agreement with PASSHE and that PASSHE terminated him without notice or cause as required by the express term of the agreement. Statement of Claim, ¶ 26 at 4; R.R. at 58. Armenti sought damages as a direct and proximate result of PASSHE's breach of his employment agreement.

On October 29, 2013, PASSHE filed Preliminary Objections and argued, contrary to its position before the District Court, that the Board of Claims lacked jurisdiction to adjudicate a breach of an employment agreement.

Shortly thereafter, on December 9, 2013, this Court decided *Dubaskas v. De-*

---

1. PASSHE is the Commonwealth instrumentality responsible for governing the Commonwealth's fourteen public universities.

2. Act of December 12, 1986, P.L. 1559, *as amended,* 43 P.S. §§ 1421–1428.

*partment of Corrections,* 81 A.3d 167 (Pa.Cmwlth.2013), wherein we held that the Board of Claims does not have jurisdiction over claims arising from employment contracts entered into with the Commonwealth. There, Joseph Dubaskas (Dubaskas) accepted employment with the Department of Corrections as a state correctional institution manager based on negotiated terms including salary, seniority, and credit for his prior experience of 24 years at the Federal Bureau of Prisons. Shortly thereafter, the Department of Corrections implemented a revised pay scale which affected his seniority. Dubaskas filed a claim before the Board of Claims and alleged that the Department of Corrections denied him his seniority and corresponding pay increases. He argued that the Department of Corrections' denial of his seniority constituted a breach of the contractual terms of his employment.

The Department of Corrections filed Preliminary Objections and argued that the Board of Claims did not have jurisdiction over claims based on employment and/or collective bargaining agreements. The Board of Claims agreed that it could not address employment contracts because they were explicitly excluded from coverage under the Procurement Code. The Board of Claims concluded that because Section 103 of the Procurement Code, 62 Pa.C.S. § 103, expressly excluded "employment agreements" and "collective bargaining agreements" from coverage, the Board of Claims lacked jurisdiction over Dubaskas' breach of employment contract claim. *Dubaskas,* 81 A.3d at 170.

On appeal, this Court analyzed the language and defined terms of Section 103 of the Procurement Code, and held that:

> The Code defines 'contract,' in part, as an agreement for the procurement of 'services,' a term which *'does not include employment agreements or collective bargaining agreements.'* 62 Pa.C.S. § 103.... Because the Code *explicitly and unambiguously excludes* 'employment agreements' from what constitute 'services' under the Code, it follows that 'employment agreements' are not 'services' that can be the subject of a 'contract' that falls within the scope of the Board's jurisdiction as outlined in Section 1724(a)(1).

*Dubaskas,* 81 A.3d at 177. (Emphasis in original.)

This Court held that the Board of Claims does not have jurisdiction over claims arising from employment agreements entered into with the Commonwealth and affirmed the decision of the Board of Claims.

Here, the Board of Claims, relying on *Dubaskas,* sustained PASSHE's Preliminary Objections and dismissed Armenti's Statement of Claim.

■ On appeal,[3] Armenti acknowledges *Dubaskas* and its relevant precedent. However, he attempts to distinguish *Dubaskas* and argues that his employment agreement must be construed as one for "services" and not employment due to its "unique terms." Armenti's Brief at 14–15. Specifically, Armenti argues that his appointment as President of Cal–U was pursuant to the State System of Higher Education Act[4] ("Act 188") which expressly

---

3. This Court's "review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings are supported by substantial evidence." *Telwell, Inc. v. Public School*

*Employees' Retirement System,* 88 A.3d 1079, 1083 (Pa.Cmwlth.2014).

4. Created by Section 2002–A of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, added by Section 2 of the Act of

requires that presidential appointments be for a *fixed durational term.* He contends that the precise durational term, as required by statute, and the corresponding *contractual rights to payment of salary,* rendered his employment agreement one "for services" which is subject to the Procurement Code and the Board of Claims' jurisdiction.

He further attempts to distinguish *Dubaskas* on the grounds that the terms of his employment agreement were *statutorily set by Act 188,* whereas in *Dubaskas,* the correctional officer *negotiated* the terms of his employment agreement which included credit for seniority, pay raises and benefits.

■ The question before this Court is whether there is anything extraordinary or unique about Armenti's situation which would preclude this Court from considering his contract with PASSHE to be an "employment agreement" under the Procurement Code. Stated differently, is Armenti's employment agreement one for "services" under the Procurement Code?

■ Although he does not elaborate, Armenti appears to suggest, based on his emphasis on the *durational term* of his contract, that for purposes of the Procurement Code there is a distinction between employment "at-will" and employment which is governed by a written contract for a specific term.[5] He seems to argue that because he was employed as President of Cal–U for a definite period this somehow transformed his employment agreement into a contract for "services." He propos-
es that when the General Assembly enacted the Procurement Code it granted the Board of Claims jurisdiction over employment agreements that are for a definite term, but not over disputes involving "at will" employment.

However, nothing in the Procurement Code supports the proposition that a contract which fixes the duration of employment is one for "services" as opposed to "employment." Armenti cites no precedent for the notion that an employment for a "durational term" is somehow not an employment agreement. Nor does he identify what "services" his employment agreement was for if not his personal employment. In fact, Armenti admits he was a PASSHE employee under his agreement. In his Claim, he alleges that he was employed by PASSHE as Cal–U's president. The Employment Agreement which was attached as an exhibit to Armenti's Claim is titled "Presidential Employment Agreement."

This Court also declines to apply a different set of interpretive rules to the construction of the Procurement Code for employment agreements that are negotiated in contrast to employment agreements which arise by statute. In either case, the agreement is one for employment and the employer is the Commonwealth agency.

As this Court held in *Dubaskas,* the Procurement Code is expressly made inapplicable to employment contracts. Section 103 of the Procurement Code, 62 Pa.C.S. § 103, provides the "clear legislative intent" that an employment agreement is not

---

November 12, 1982, P.L. 660, *as amended,* 24 P.S. §§ 20–2001–A to 20–2017–A. In Act 188, the General Assembly established PASSHE as a government instrumentality. 24 P.S. § 20–2002–A(a).

**5.** An employment contract or arrangement that does not specify a definite duration for
the continuation of employment is presumed to create an at-will relationship, which is terminable at the will of either the employer or the employee. *Braun v. Borough of Millersburg,* 44 A.3d 1213 (Pa.Cmwlth.), *appeal denied,* 618 Pa. 672, 55 A.3d 525 (2012).

a contract for "services." The Board of Claims simply does not have jurisdiction over Armenti's claim.

■ Armenti next contends that if the Board of Claims has no jurisdiction over his breach of employment agreement claim, he is a "litigant without a forum." He asks this Court to "carve" an exception so that the Board of Claims may assert jurisdiction over his employment contract claim.

■ However, this Court is not at liberty to grant Armenti the relief he requests because the Commonwealth has not waived sovereign immunity for suits based on an alleged breach of an employment contract.

■ PASSHE is a Commonwealth instrumentality and is cloaked with sovereign immunity. *Poliskiewicz v. E. Stroudsburg Univ.*, 113 Pa.Cmwlth. 13, 536 A.2d 472 (1988).

■ Our appellate courts have consistently recognized that the Commonwealth is protected from civil suit by sovereign immunity except where the General Assembly has specifically waived that immunity. The limited exceptions to sovereign immunity must be narrowly and strictly construed because the General Assembly intended to exempt the Commonwealth from immunity only in specific situations.

1 Pa.C.S. § 2310 clarifies that the General Assembly has waived sovereign immunity "only in such manner and in such courts and in such cases" as set forth in Titles 42 and 62 of the Pennsylvania Consolidated Statutes. The limited waivers of sovereign immunity in Title 42 relate solely to liability for negligence. Under Title 62, the General Assembly has waived sovereign immunity for *certain contract*

*claims* against the Commonwealth and its agencies, but that waiver applies only to claims "brought in accordance with" Sections 1711.1 (relating to protests of solicitations or awards) and 1712.1 (relating to contract controversies) and Subchapter C (relating to Board of Claims) and even then "only to the extent set forth in this chapter." 62 Pa.C.S. § 1702.

■ As our Supreme Court explained in *Scientific Games International, Inc. v. Department of Revenue*, 620 Pa. 175, 66 A.3d 740 (2013), the Procurement Code is "designedly structured to accord immunity, subject only to specific and limited exceptions." *Id.* at 753. "[T]he exception to sovereign immunity pertaining to Board–of–Claims jurisdiction *defines the extent of the Commonwealth's statutory exception from sovereign immunity for claims arising from contract.*" *Id.* at 755 (emphasis added).

This Court held in *Dubaskas* that the limited waiver of sovereign immunity in Title 62 *does not apply to employment and collective bargaining agreements.* In the absence of legislative action, this Court is not at liberty to craft Armenti a waiver of sovereign immunity.

The Board of Claims did not err when it dismissed Armenti's Claim. Armenti's attempts to distinguish *Dubaskas* and his employment agreement are without merit. His claim is unambiguously based on the alleged breach of an employment agreement. As recognized by this Court in *Dubaskas*, the Board of Claims does not have jurisdiction over employment agreements. This Court is not authorized to create an exception for jurisdiction because only the General Assembly can create exceptions to the Commonwealth's sovereign immunity.

 Accordingly, the order of the Board of Claims is affirmed.[6]

### ORDER

AND NOW, this 29th day of September, 2014, the order of the Board of Claims in the above-captioned matter is hereby affirmed.

---

[6] Armenti also contends that PASSHE has waived and should be estopped from asserting any objections to the jurisdiction of the Board of Claims because PASSHE specifically argued to the District Court that jurisdiction lies in the Board of Claims. However, PASSHE's arguments before the District Court regarding the jurisdiction of the Board of Claims *predated* this Court's decision in *Dubaskas.* Furthermore, the defense of sovereign immunity and lack of subject matter jurisdiction are not waivable and may not be lost through consent, agreement or estoppel. *See Tulewicz v. Se. Pennsylvania Transp. Auth.*, 529 Pa. 588, 606 A.2d 427 (1992) (defense of sovereign immunity non waivable) and *In re Admin. Or. No. 1–MD–2003*, 594 Pa. 346, 936 A.2d 1 (2007) (subject matter jurisdiction may be raised at any time, including by a reviewing court, *sua sponte* ).