IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert H. Lee, Jr.,                        :
                          Petitioner       :
                                           :
        v.                                 :        No. 714 M.D. 2019
                                           :        Submitted: March 11, 2022
Commonwealth of Pennsylvania,              :
Department of Corrections, John            :
E. Wetzel, in his Official Capacity        :
as Secretary of Corrections,               :
                          Respondents      :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: July 14, 2022


        Robert H. Lee, Jr., *pro se*, has filed a petition for review in this Court's

original jurisdiction against John E. Wetzel, in his official capacity as Secretary of

Corrections, and the Department of Corrections (collectively, Department).[1] Lee

seeks judgment against the Department for wrongfully terminating him after he

reported a drug distribution ring involving inmates and staff. The Department has

filed preliminary objections asserting sovereign immunity, which we sustain.[2]

## BACKGROUND

        Lee is a retired Philadelphia Police Department officer.[3] In October

2017, the Department hired Lee, ultimately placing him at State Correctional

---

[1] Lee initially filed a complaint in the Court of Common Pleas of Philadelphia County. *See* Cmwlth. Ct. Mem. & Order, 7/29/21. We will refer to the complaint as a petition for review.

[2] Lee also averred a violation of the Whistleblower Law, Act of December 12, 1986, *as amended*, 43 P.S. §§ 1421-1428. The Department has not filed preliminary objections to that count.

[3] We derive these facts from Lee's petition.

Institution (SCI) Chester as a trainee correctional officer. Following his placement, Lee notified his superiors of various issues involving co-employees, including a tip from an inmate that staff was facilitating the delivery of narcotics into the prison on behalf of an inmate/inmates. A supervisor advised Lee that an investigation would commence, but no such investigation took place. Thereafter, Lee allegedly suffered "a host of discriminatory and/or retaliatory actions while performing his job at SCI Chester." Pet. for Rev., 5/28/19, ¶ 15(A)-(H). On or about October 2, 2018, the Department terminated Lee's employment.

On May 28, 2019, Lee commenced this action, asserting a violation of the Whistleblower Law and wrongful termination. On October 18, 2019, the Department responded with preliminary objections asserting that (1) this Court has exclusive original jurisdiction over actions brought against Commonwealth agencies and officers, and (2) sovereign immunity bars Lee's wrongful termination claim. The Court of Common Pleas of Philadelphia County sustained the Department's preliminary objection asserting lack of jurisdiction and transferred the case to this Court. Common Pleas Ct. Order, 12/3/19.

## DISCUSSION

The Department asserts that Lee's claim for wrongful termination against the Department and Secretary Wetzel is barred because it is not an enumerated exception to sovereign immunity. Resp'ts' Br. at 3-4. Lee concedes that his wrongful termination claim is not listed as a statutory exception to sovereign immunity. Pet'r's Br. at 3. Yet, Lee contends that the doctrine of sovereign immunity does not bar suits that seek to compel state officials to carry out their duties in a lawful manner. As a result, Lee concludes, he is entitled to injunctive relief in the form of reinstatement as well as equitable relief. *Id.* at 3.

2

In ruling on preliminary objections in the nature of a demurrer, we accept as true all well-pleaded material allegations in the petition for review and reasonable inferences that we may draw from the averments. *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 313-14 (Pa. Cmwlth. 2019) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id*. We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id*.

Generally, sovereign immunity is an affirmative defense that is raised as new matter. *See Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017). Nevertheless, sovereign immunity may be raised in preliminary objections where it is apparent on the face of the pleading that the cause of action does not fall within the statutory exceptions to sovereign immunity. *Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) (internal citation omitted).

Sovereign immunity acts as a bar to suits against Commonwealth parties, including its officials and employees acting within the scope of their duties. 1 Pa.C.S. § 2310.[4] The General Assembly has waived sovereign immunity only in certain specified instances "arising out of a negligent act." 42 Pa.C.S. § 8522(a).

We agree with the Department that Lee's wrongful termination claim is barred by sovereign immunity. Sovereign immunity applies to the Department as a state agency and to Secretary Wetzel because he was sued in his official capacity. 42 Pa.C.S. § 8501; *see Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433, 438 (Pa. Cmwlth.

---

[4] A Commonwealth party is defined in Section 8501 of the Judicial Code as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501.

2017) (barring claims directed against the Department and numerous employees based on sovereign immunity); *Smith v. Cortes*, 879 A.2d 382 (Pa. Cmwlth. 2005), *aff'd sub nom. Smith v. Cortez*, 901 A.2d 980 (Pa. 2006) (holding claims directed specifically against the Commonwealth's Secretary of State were barred by sovereign immunity because the Secretary acted within the scope of his duties). Further, wrongful termination is not one of the enumerated exceptions to sovereign immunity. *See* 42 Pa.C.S. § 8522(b); *McNichols v. Dep't of Transp.*, 804 A.2d 1264, 1267 (Pa. Cmwlth. 2002). Accordingly, this Court sustains the Department's preliminary objection and dismisses Lee's claim for wrongful termination.[5]

_____
LORI A. DUMAS, Judge

---

[5] This Court need not address Lee's assertion that he is entitled to injunctive and equitable relief. *See* Pet'r's Br. at 3. He offers neither an explanation nor analysis in support thereof. In any event, Lee did not seek such relief in his petition. *See* Pet. for Rev., ¶ 30 (requesting money damages).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert H. Lee, Jr.,                          :
                     Petitioner          :
                              :
       v.                                  :  No. 714 M.D. 2019
                              :
Commonwealth of Pennsylvania,                :
Department of Corrections, John              :
E. Wetzel, in his Official Capacity          :
as Secretary of Corrections,                 :
                Respondents        :

## **O R D E R**

AND NOW, this 14th day of July, 2022, the preliminary objection to Robert H. Lee, Jr.'s claim asserting wrongful termination, filed on behalf of Respondents, Pennsylvania Department of Corrections and John E. Wetzel is SUSTAINED, and the claim is DISMISSED WITH PREJUDICE. The Pennsylvania Department of Corrections is hereby ORDERED to file an Answer to Lee's Whistleblower claim within 30 days.

                                          _____
                                          LORI A. DUMAS, Judge