**Kurt E. BRAUN, Appellant**

**v.**

**BOROUGH OF MILLERSBURG.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.

Decided May 22, 2012.

Paul R. Wagner, Harrisburg, for appellant.

Anthony R. Sherr, Blue Bell, for appellee.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge (P.), and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.[1]

Kurt E. Braun (Braun) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) granting the preliminary objection filed by the Borough of Millersburg (Borough) to his complaint in which he claimed that his dismissal from his position as Chief of Police was improper. For the following reasons, we reverse the trial court's decision.

█ Braun was appointed the Chief of Police of the Borough in June 2002. On January 1, 2009, the Borough Council voted to discharge Braun from his position for budgetary reasons. Braun filed an amended complaint alleging that his termination violated Section 1190 of the Borough Code (Code), 53 P.S. § 46190,[2] in furloughing the Chief of Police for economic reasons when the provision of the Code expressly does not apply to the Chief of Police. Section 1190 of the Code, titled **Removals,** provides the following:

> *No person employed* in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:

(1) Physical or mental disability affecting his ability to continue in service, in which case he shall receive an honorable discharge from service.

(2) Neglect or violation of any official duty.

(3) Violation of any law which provides that such violation constitutes a misdemeanor or felony.

(4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.

(5) Intoxication while on duty.

(6) Engaging or participating in conducting of any political or election campaign or otherwise than to exercise his own right of suffrage.

A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed.

*If for reasons of economy or other reasons it shall be deemed necessary by any borough to reduce the number of paid employes of the police* or fire force then such borough shall apply the following procedure: (i) if there are any employes eligible for retirement under the terms of any retirement or pension law if the party to be retired exceeds the maximum age as defined in the act of October 27, 1955 (P.L. 744, No. 222), known as the "Pennsylvania Human Relations Act," then such reduction in numbers shall be made by retirement of such employes, starting with the oldest employe and following in order of age respectively, (ii) if the number of paid employes in the police force or fire force eligible to retirement is insufficient to effect the necessary reduction in numbers, or if there are no persons eligible

---

1. This opinion was reassigned to the authoring judge on April 30, 2012.

2. Act of February 1, 1966, P.L. (1965) 1656, *as amended.*

for retirement, or if no retirement or pension fund exists, then the reduction shall be effected by furloughing the person or persons, including probationers, last appointed to the respective force. Such removal shall be accomplished by furloughing in numerical order commencing with the person last appointed until such reduction shall have been accomplished. In the event the said police force or fire force shall again be increased the employes furloughed shall be reinstated in the order of their seniority in the service. *The provisions of this paragraph as to reductions in force are not applicable to a chief of police.* (Emphasis added.)

In response, the Borough filed a preliminary objection in the nature of a demurrer alleging that Braun's wrongful termination claim was legally insufficient because he was an at-will employee of the Borough, he did not allege any civil service status, he was not a tenured employee, he did not allege that any employment contract existed between him and the Borough, and he was not part of a collective bargaining unit.

▇▇▇ The trial court granted the preliminary objection and dismissed Braun's complaint. In addressing 53 P.S. § 46190 and the furlough procedures under that section, the trial court stated that:

[E]xpressly do not apply to the chief of police, and this Court interpreted that to mean that the chief of police can be removed due to economic or other reasons without regard to his or her date of appointment. In support of this conclusion that there is a distinction between a chief of police and the rest of the police force, sections 46184(b) & (d) of the Borough Code address the *hiring* of the chief of police separately from that of the police force—subsection (b) addresses the hiring of the police force generally, whereas subsection (d) specifically addresses the hiring of the chief of police ... *We interpret 53 P.S. § 46190 to mean that police chiefs are not subject to the reduction of force procedures and limitations of the statute.* The Borough was not required to furlough the police force based only on the retirement/last hire procedure of § 46190 prior to removing Plaintiff as chief of police. The chief may be removed from his position for economic reasons without regard to the order of furlough based upon date of hire, as the position of chief of police is distinguishable from the rest of the police force. (Emphasis added.)

(Trial court's June 17, 2011 opinion at 2–3.) This appeal by Braun followed.[3]

▇▇▇ Braun contends that the trial court erred in dismissing his complaint based on the incorrect conclusion that he was an at-will employee because he could only be removed from his position as Chief of Police for the enumerated reasons contained in 53 P.S. § 46190.[4] The Borough contin-

3. Our scope of review of the trial court's order sustaining a preliminary objection in the nature of a demurrer is limited to determining whether the trial court committed legal error or abused its discretion. *Warminster Fiberglass Co., Inc. v. Upper Southampton Township*, 939 A.2d 441 (Pa.Cmwlth.2007). In ruling on preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom, but we need not accept conclusions of law. *Id.* A demurrer must be sustained only where it is clear and free from doubt that the law will not permit recovery under the alleged facts. *Id.*

4. Braun also argues that he was "tenured." He does not expound on that argument so we are unclear if he means he was tenured pursuant to Section 1 of the Police Tenure Act, Act of June 15, 1951, P.L. 586, § 1, *as amended,* 53 P.S. § 811. The Police Tenure Act specifies, in relevant part, that it only applies to "each borough and township of the first

ues to argue that Braun was an at-will employee [5] because he did not have a civil-service appointment, he did not have an employment contract with the Borough, and he was not a member of any collective bargaining unit that represented Borough employees.[6] Even if that were true, we disagree with the Borough that Braun was an at-will employee because he had protection from employment termination under 53 P.S. § 46190.

Section 1184(d) of the Borough Code, 53 P.S. § 46184(d), specifically provides, in relevant part:

> In the case of a vacancy in the office of chief of police ... the appointive power may nominate a person to the commission. It shall thereupon become the duty of the commission to subject the person to a noncompetitive examination, and if the person shall be certified by the commission as qualified, he may then be appointed to the position, and thereafter shall **be subject to all the provisions of this subdivision.** (Emphasis added.)

53 P.S. § 46190 is part of "this subdivision."

That provision provides that once Braun was appointed as Chief of Police, the only way he could be removed from that position was pursuant to 53 P.S. § 46190 which provides that "no person employed in any police ... force of any borough shall be ... removed except" and then it lists six reasons that the employee can be removed for cause. The only other way that a person employed by the police department can be terminated is under the second paragraph of this section which provides for reductions in force for economic reasons and provides that method by which the employees are selected for layoff. The Borough discharged Braun for budgetary reasons.

Braun contends that he cannot be discharged because the last sentence of the second paragraph provides that "[t]he provisions of this paragraph as to reductions in force are not applicable to the chief of police." The trial court took that sentence to mean that police chiefs are not covered at all by 53 P.S. § 46190 when it only provides that only that the second paragraph of 53 P.S. § 46190 that deals with reduction in force does not apply. That allows a borough to engage in economy layoffs without being forced to lay off the police chief. Because the second paragraph of 53 P.S. § 46190 does not apply to police chiefs, Braun, as an employee of the police force, can only be discharged for the reasons enumerated in the first paragraph of 53 P.S. § 46190. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursing its spirit." 1

---

class *having a police force of less than three members* and not subject to sections one thousand one hundred sixty-five through one thousand one hundred ninety of the act, approved the fourth day of May, one thousand nine hundred twenty-seven (Pamphlet Laws 519), known as 'The Borough Code', and their amendments." (Emphasis added.) Because the Borough has a police force in excess of three officers, the Police Tenure Act does not apply. For the same reason, Section 2 of the Police Tenure Act, 53 P.S. § 812, regarding removals of police officers, has no application to Braun as well.

**5.** "An at-will employee is one whose employment is not governed by a written contract for a specific term and who is terminable at the will of either the employer or the employee. An at-will employee may be terminated for good cause, bad cause or no cause at all." *McNichols v. Department of Transportation*, 804 A.2d 1264 (Pa.Cmwlth.2002).

**6.** As the trial court noted, Braun's hiring was subject to civil service appointment. *See* footnote 2.

Pa.C.S. § 1921(b).[7] The statute could not be any clearer.

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this *22nd* day of *May*, 2012, the order of the Court of Common Pleas of Dauphin County, dated June 17, 2011, is reversed.

---

7. Notably, under the original Borough Code, 53 P.S. § 46190, Act 581, February 1, 1966, § 1190, there was no language removing the Chief of Police from reductions for economic reasons. That section did not distinguish between police officers and the Chief of Police. However, the Act of October 22, 1981, P.L. 311, No. 107 § 1, amended Section 1190 to specifically add language which removed the Chief of Police from any reductions in the force due to economic reasons whether they were related to furlough or retirement.