# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Chester County Outdoor, LLC, | : |
| Appellant | : |
| | : |
| v. | : No. 1599 C.D. 2013 |
| | : Argued: June 20, 2014 |
| Board of Supervisors of Penn | : |
| Township | : |

BEFORE: HONORABLE DAN PELLEGRINI, President Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON              FILED: July 31, 2014

Appellant Chester County Outdoor, LLC (CCO) appeals from an order of the Court of Common Pleas of Chester County (trial court), dated September 6, 2013. The trial court sustained the preliminary objections filed by the Board of Supervisors of Penn Township (Township), thereby dismissing CCO's complaint with prejudice and without leave to replead. We affirm.

CCO engages in the business of developing, owning, operating, and leasing commercial off-premises advertising billboards. CCO is a billboard lessee of property located at 27 Commerce Boulevard (Property) in Penn Township. On August 10, 2011, CCO filed a challenge to the substantive validity of the Township's Zoning Ordinance (Ordinance) with the Penn Township Zoning Hearing Board (ZHB). Specifically, CCO alleged that Section 1800.G of the Ordinance unlawfully excluded billboards. The Township intervened in the

challenge and agreed with CCO's position. On December 1, 2011, the ZHB issued a decision and order sustaining CCO's validity challenge.

Notably, during the proceedings before the ZHB, CCO withdrew its request for site-specific relief and accompanying plans, which it had previously submitted in conjunction with its challenge. Nevertheless, the ZHB noted in its decision that CCO would not be entitled to the particular site-specific relief depicted in its application, because the plans would not comply with various unchallenged sections of the Ordinance. As a consequence, CCO appealed to the trial court, alleging that the ZHB erred and abused its discretion in denying CCO site-specific relief. In concluding that CCO did not have standing to appeal, the trial court denied CCO's appeal and affirmed the ZHB's decision. This Court subsequently affirmed on appeal, explaining that CCO was the prevailing party below and that the portion of the ZHB's decision relating to site-specific relief was dictum. *In re Chester Cnty. Outdoor, LLC*, 64 A.3d 1148, 1152 (Pa. Cmwlth. 2013).

On June 19, 2013, CCO filed the instant declaratory judgment action with the trial court, seeking a declaration that (1) CCO is a successful challenger to the Ordinance's unlawful exclusion of billboards and (2) only the trial court can grant the site-specific relief owed to a successful challenger of a zoning ordinance.[1]

---

[1] With regard to the latter request, CCO specifically sought a declaration that only the trial court could determine the form of judicial relief to be awarded to a successful challenger under Section 1006-A(c) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006-A(c), or grant equitable relief to a successful challenger. (Reproduced Record (R.R.) at 11a.) For purposes of this appeal, we will refer to the relief sought by CCO as site-specific relief.

(Reproduced Record (R.R.) at 9a-11a.) On July 15, 2013, the Township filed preliminary objections to CCO's complaint in the nature of a demurrer. In the alternative, the Township moved for the ZHB to be appointed as a special hearing master pursuant to Section 1006-A(c) of the Pennsylvania Municipalities Planning Code[2] to determine whether CCO was entitled to site-specific relief and, if so, to what extent.

On September 6, 2013, the trial court issued an order sustaining the Township's preliminary objections, thereby dismissing CCO's complaint with prejudice and without leave to replead. The trial court explained that CCO successfully challenged Section 1800.G of the Ordinance, such that it was no longer an impediment to CCO's use of the Property. (R.R. at 109a.) The trial court further noted that it did not appear that CCO had applied for any use of the Property. (*Id.*) The trial court rejected CCO's position that only the trial court can determine the form of relief to be awarded to a party who successfully challenges a provision of a zoning ordinance. (*Id.*) In so doing, the trial court explained that in a zoning appeal involving an applicant that has successfully challenged a provision of a zoning ordinance and sought site-specific relief, the trial court is empowered to grant relief. (*Id.*) Nevertheless, in a circumstance where the applicant sought relief from a zoning hearing board and obtained all the relief it sought, the trial court no longer has jurisdiction to grant any relief. (*Id.*) Finally, the trial court observed that CCO had provided no reason, and the trial court could not discern

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006-A(c).

3

one, for why CCO could not now apply to the Township for a use of the Property. (*Id.*) CCO then appealed to this Court.

On appeal,[3] CCO argues that the trial court erred in sustaining the Township's preliminary objections, because the trial court has exclusive authority to determine the site-specific relief to be awarded to a successful challenger of a zoning ordinance. CCO also argues that municipalities lack the authority to determine such relief. Moreover, CCO argues that the trial court has the ability to grant site-specific relief even where no plans were submitted to the zoning hearing board. Finally, CCO argues that current Pennsylvania law provides no remedy to a landowner whose challenge is successful before the zoning hearing board.

This Court agrees with the trial court's decision and further concludes that the opinion of the Honorable Robert J. Shenkin, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), thoroughly discusses and properly disposes of the arguments raised on appeal to this Court. As such, we adopt the analysis in his opinion, filed October 10, 2013, for purposes of appellate

---

[3] This Court's review of a trial court's order sustaining preliminary objections in the nature of a demurrer is limited to considering whether the trial court erred as a matter of law or abused its discretion. *Braun v. Borough of Millersburg*, 44 A.3d 1213, 1215 n.3 (Pa. Cmwlth.), *appeal denied*, 55 A.3d 525 (Pa. 2012). In ruling on preliminary objections, courts must accept as true all well-pleaded material allegations in a complaint and any reasonable inferences that may be drawn from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). Courts, however, are not bound by legal conclusions encompassed in a complaint, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* Courts may sustain preliminary objections only when the law makes clear that the plaintiff cannot succeed on his claim, and any doubts must be resolved in favor of the plaintiff. *Id.* Courts review preliminary objections in the nature of a demurrer under these guidelines and may sustain a demurrer only when a plaintiff fails to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155, 158 n.4 (Pa. Cmwlth. 2007).

4

review. Accordingly, we affirm the trial court's order on the basis of the attached Rule 1925(a) opinion issued in *Chester County Outdoor, LLC v. Board of Supervisors of Penn Township*, Chester County, No. 13-05944, filed October 10, 2013.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Outdoor, LLC, : 
                    Appellant : 
                              : 
        v.                    : No. 1599 C.D. 2013
                              : 
Board of Supervisors of Penn  : 
Township                      : 

## **O R D E R**

AND NOW, this 31st day of July, 2014, the order of the Court of Common Pleas of Chester County, dated September 6, 2013, sustaining the Board of Supervisors of Penn Township's preliminary objections and dismissing Chester County Outdoor, LLC's complaint with prejudice and without leave to replead, is hereby AFFIRMED. This Court adopts the analysis of the Honorable Robert J. Shenkin in his opinion, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), in *Chester County Outdoor, LLC v. Board of Supervisors of Penn Township*, Chester County, No. 13-05944, filed October 10, 2013.

_____
P. KEVIN BROBSON, Judge

CHESTER COUNTY OUTDOOR, :    IN THE COURT OF COMMON PLEAS
LLC, Plaintiff            :    CHESTER COUNTY, PENNSYLVANIA

        VS.         :    NO. 13-05944

BOARD OF SUPERVISORS    :
OF PENN TOWNSHIP, Defendant :    CIVIL ACTION

Marc B. Kaplin, Esquire, Attorney for Plaintiff
Michael G. Crotty, Esquire, Attorney for Defendant

## OPINION

Plaintiff has filed an appeal from our order of September 6, 2013, wherein we sustained defendant's preliminary objections in the nature of a demurrer and dismissed plaintiff's complaint with prejudice and without leave to replead. Pursuant to Pa.R.A.P. No. 1925(a), we herewith file this opinion setting forth the reasons for our order.

Following the filing of the appeal, appellant was directed to file a concise statement of the errors complained of on appeal and has done so. The purpose of the appeal is difficult to discern. It would appear that plaintiff is just unwilling to take "Yes" for an answer.

The issue in this case is whether a person who has successfully challenged a provision of a township's zoning ordinance should apply to the township for the land development approvals and/or permits which that person seeks or should submit such applications directly to the court even though not having ever submitted such application to the relevant authorities and even though never having been denied the approvals which the person seeks.

Previously, plaintiff herein filed a challenge to the substantive validity of a provision in the zoning ordinance of Penn Township, defendant herein. Plaintiff prevailed. Nevertheless, plaintiff, being unwilling to take "yes" for an answer, appealed that decision to the Court of

1

Common Pleas at No. 11-13721 seeking relief in addition to that which it had requested and obtained from the Penn Township Zoning Hearing Board (hereinafter "ZHB"). In a nutshell, plaintiff's original application to the ZHB had requested site specific relief. However, during the hearing on its application, counsel for applicant therein, plaintiff herein, stated "I hereby formally withdraw the plans that were attached to our application, and ask the Board not to consider them at all this evening." Apparently plaintiff was surprised when, in accordance with its request, the ZHB did not consider those plans. The ZHB did, however, sustain the validity challenge. When plaintiff nevertheless appealed to this court, we held that it had been the prevailing party before the ZHB and, as such, had no standing to appeal. Plaintiff appealed our decision to the Commonwealth Court at No. 741 C.D. 2012. In a decision filed March 27, 2013, the Commonwealth Court affirmed our decision, stating at page 5 of its opinion:

> Having obtained all the relief that it sought from the [Zoning Hearing Board of Penn Township], [plaintiff] is not entitled to anything further. [Plaintiff] is not an aggrieved party and, therefore, did not have standing to appeal the ZHB's decision.

As we noted in our opinion in the prior action (at no. 11-13721), plaintiff apparently wanted this court to conduct a hearing to fashion site specific relief. While it appeared then and appears now fairly certain that plaintiff will be entitled to site specific relief, such relief will be subject to compliance with all other valid ordinances, regulations and requirements. In the procedure contemplated by plaintiff in the prior case and the relief which plaintiff again seeks in this case, the governing body of the municipality in which the property is located would have no opportunity to review plaintiff's plans to determine compliance with existing valid ordinances and regulations. As we stated in that opinion, "[i]n our view, upon receiving the favorable ruling from

2

the Zoning Hearing Board, [plaintiff's] next step should have been (and still is) to submit plans to the Township."

When our decision in the prior case was affirmed, one would think that perhaps plaintiff would apply to Penn Township for whatever approvals plaintiff is seeking. That, I guess, would have been too easy. Instead, plaintiff filed this lawsuit seeking to have this court declare that plaintiff was or is "a successful challenger to the Penn Township Zoning Ordinance's unlawful exclusion of billboards" (Prayer for relief to Count I of plaintiff's complaint) and that "only the Court" (Prayer for relief to Count II of plaintiff's complaint, emphasis added) can determine the relief to which plaintiff is entitled.

As the former is not denied by anyone and is essentially meaningless and the latter is simply dead wrong, we declined to grant the relief request and, as noted above, sustained defendant's demurrer and dismissed the complaint with prejudice. In this appeal, plaintiff contends that we erred in failing to find that only the Court of Common Pleas has jurisdiction to grant plaintiff site specific relief and that we erred in concluding that plaintiff could obtain site specific relief from Penn Township.

The point that plaintiff seems (incredibly) to be missing is that this case is not one in which it applied for and was denied site specific relief.[1] On the contrary, after plaintiff prevailed in its challenge to the substantive validity of provisions of Penn Township's Zoning Ordinance, it has never made an application for any land development, building permit or any

---

[1] There is no doubt that in a case in which a party applies for and is denied specific relief, a court may order a plan approved in whole or in part. Section 1006–A of the Municipalities Planning Code, 53 P.S. §11006–A(c). It is equally true that even where an applicant has made application for site specific relief — not this case — the court may remand the matter to a governing body for further consideration.

3

other use of the site in question. *Per force*, no application has ever been denied. In our order from which this appeal has been taken we stated:

> Plaintiff successfully challenged §1800.G of the Penn Township zoning ordinance. Accordingly, that section of the zoning ordinance is no longer an impediment to plaintiff's use of 27 Commerce Boulevard in Penn Township. Nevertheless, plaintiff does not appear to have made application for any use of that property. In this case, plaintiff seeks a declaration that only the Court of Common Pleas can determine the form of relief to be awarded to a party who successfully challenges a provision of a zoning ordinance. We believe the plaintiff's position is clearly incorrect. In a zoning appeal in which an applicant has successfully challenged a provision of a zoning ordinance and in which appeal the applicant sought site specific relief, the court of common pleas is empowered to grant relief. But where, as here, an applicant sought relief from a zoning hearing board and obtained all the relief which it sought, the court no longer has jurisdiction to grant any relief. We know of no reason why — and plaintiff has pointed to no reason — plaintiff cannot now make application to Penn Township for a use of 27 Commerce Boulevard, unfettered by the previous §1800.G of the zoning ordinance.

And plaintiff has cited no authority for the proposition that only this court could grant relief. In fact, under the facts of this case, this court could not grant any relief. There has never been and there is not now pending before the court any proposed use of the site in question. Pursuant to Section 1006-A of the Municipalities Planning Code, 53 P.S. §11006-A(c), and as logic dictates, in order for the court to order a proposed use approved, in whole or in part, the proposed development or use must have "been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal." *Ibid.* We know of no case and plaintiff has not cited to us any case in which a court has ordered approved, in whole or in part, a use for a site for which no application was ever made to the relevant authority and for which the plans for such use have never been seen by anyone, including the court.

4

Plaintiff raises two other points which can be summarily addressed. First, plaintiff argues that a zoning hearing board lacks jurisdiction to determine site specific relief. That issue is irrelevant to the present case. Defendant's request that we appoint the Penn Township Zoning Hearing Board as a special master played no part in our decision in this case. The issue before this court is whether it has exclusive jurisdiction to determine relief to which a successful challenger to a zoning ordinance is entitled. In our view, not only do we not have exclusive jurisdiction we do not have any jurisdiction at all to review plans or applications which have never been submitted to the appropriate authority for consideration. Parenthetically we note that we believe a zoning hearing board does have jurisdiction to determine site specific relief on appropriate application. In the prior case, plaintiff actually did seek specific relief from the zoning hearing board but the zoning hearing board did not consider that part of plaintiff's application because plaintiff withdrew that portion of its application before the zoning hearing board could rule on it. Second, even the cases cited by plaintiff stand for the proposition that a court can remand a case to a zoning hearing board to review plans for compliance with valid regulations, restrictions to be imposed and determination of the site specific relief to be granted. Next, plaintiff argues that the Penn Township Zoning Hearing Board had determined that plaintiff was not entitled to site specific relief. That assertion is incorrect and, even if correct, irrelevant in this case. The Penn Township Zoning Hearing Board gratuitously opined that the specific plan which plaintiff had submitted as part of its appeal would not have been approved had it been before the ZHB, which it was not. The ZHB did not opine that plaintiff was entitled to no relief at all. In any event, as a result of plaintiff having withdrawn that

5

issue from the consideration of the ZHB, the issue was not before the ZHB on that appeal and was never before that Board or this Court.

As we said in our order sustaining defendant's preliminary objections, "[w]e know of no reason why — and plaintiff has pointed to no reason — plaintiff cannot now make application to Penn Township for a use of 27 Commerce Boulevard, unfettered by the previous §1800.G of the zoning ordinance." Maybe that would just be too easy. See Pa.R.A.P. No. 2744.

For the foregoing reasons, we entered the order from which this appeal has been taken.

BY THE COURT:

_____
Robert J. Shenkin    J.

Date: October 9, 2013